19382

The STATE, Appellant, v. Edward Behling MESSERVY, Respondent
(187 S. E. (2d) 524)

*Messrs. Daniel R. McLeod, Atty. Gen.,* and *Hubbard W. McDonald, Jr., Asst. Atty. Gen.,* of Columbia, *for Appellant,*

*Gerald C. Smoak, Esq.,* of Walterboro, *for Respondent.*

March 7, 1972.

LITTLEJOHN, Justice.

Edward B. Messervy was charged by South Carolina Highway Patrolman D. W. Crosby with driving a vehicle while under the influence of intoxicating liquors. He was tried and convicted by a jury in a Charleston County Magistrate's Court. At the trial, Patrolman Crosby presented the State's case without the assistance of a prosecuting attorney. He testified as prosecuting witness and was allowed by the magistrate to make a closing argument to the jury.

Messervy appealed to the Charleston County Court on grounds, among others:

"That His Honor erred as a matter of law in permitting the attorney for the State of South Carolina to be Patrolman Crosby because Patrolman Crosby was also a witness for the state and his summing up of the state after testifying constituted reversible error in that the jury was likely to confuse what he testified to under oath with what he said by way of summation, which was not under oath, and no instruction regarding this was given by His Honor."

The judge disposed of the appeal in a brief handwritten order:

"Remanded back for a new trial. Error in permitting prosecuting witness to argue for State during trial.

(s) Theodore D. Stoney."

Apparently the county court judge granted the motion for a new trial because "the jury was likely to confuse what he [the patrolman] testified to under oath with what he said by way of summation, which was not under oath, and no instruction regarding this was given by His Honor." The record does not indicate that counsel for the defendant objected to any summation argument made, nor is there any contention that any improper argument was made to the jury. Accordingly, the lower court has held that the bare fact that the patrolman was permitted to testify and to summarize the case before the jury was error warranting a new trial. The State has appealed. We reverse.

It has long been the practice in the magistrates' courts of this State for the arresting patrolman to prosecute the cases which he has made. The procedure has been followed under a ruling of the attorney general since 1958. See Annual Report of Attorney General for the State of South Carolina 1957-1958, page 268. Ideally, the State's case would be presented by a prosecuting attorney, but unfortunately such is not practicable because of the large number of traffic court violations. According to appellant's brief the highway patrol made 236,000 arrests during 1970.

We find no case in this state on point, and surprisingly little precedent in other jurisdictions. In the case of *State v. La Palme,* 104 N. H. 97, 179 A. (2d) 284 (1962), the question was before the Supreme Court of New Hampshire. The court said:

"The defendant's motion to dismiss on the ground that a state police officer was permitted to prosecute and also testify as a witness is denied . . . The prosecution of misdemeanors by police officers is a practice that has continued in one form or another since 1791 and is still permissible under existing statutes. *State v. Urban, supra;* [98 N. H. 346, 100 A. (2d) 897] . . ."

In New Hampshire, as in South Carolina, there was no statute prohibiting a police officer from prosecuting a case. The practice in New Hampshire was approved under the common law. We do likewise.

While such practice is not without its faults, neither is it without its safeguards. The patrolman's conduct (same as an attorney) is subject to the scrutiny of the magistrate at all times, and if the patrolman's conduct of the case is not proper it is the duty of the magistrate to make appropriate rulings, and in an appropriate case, grant a new trial. If prejudice is shown, obviously a new trial must be held. No prejudicial error has been shown in this case.

The order of the county court is reversed and the case is remanded for execution of the sentence.

Reversed.

Moss, C. J., and LEWIS, BUSSEY and BRAILSFORD, JJ., concur.