### 20401

CITY OF LAKE CITY, Appellant, v. John M. DANIELS, Respondent.
(234 S. E. (2d) 222)

*Messrs. Daniel R. McLeod, Atty. Gen., Joseph C. Coleman, Dep. Atty. Gen.,* and *Richard P. Wilson, Asst. Atty. Gen.,* of Columbia, *for Appellant,*

*E. LeRoy Nettles, Esq.,* of *Nettles, Thomy and Smith,* Lane City, *for Respondent,*

April 13, 1977.

LITTLEJOHN, Justice.

This case is before us upon an appeal from an order of the Judge of the Civil and Criminal Court of Florence. In issuing the order, the judge was acting as an appellate court reviewing the handling of a case by the City Recorder of Lake City, in which John M. Daniels was charged with driving a motor vehicle while under the influence of alcohol. The essence of the judge's order was a ruling that the State had no standing to appeal from the order of the City Recorder. The State has appealed to this Court.

The facts are not greatly, if at all, in dispute, and our statement of the facts is in essence taken from the statement of the case in the transcript, agreed upon by counsel. They are as follows:

The respondent Daniels was arrested in the town of Lake City on January 18, 1975, by an officer of the South Carolina Highway Patrol, and charged with driving under the influence of intoxicants in violation of a State statute, § 46-343, Code of Laws of South Carolina (1962). He was issued a summons, in the form of a uniform traffic ticket, to appear

for trial on January 20, 1975, before the Honorable J. Dargan McElveen, City Recorder. Thereafter, without the participation of the State or a member of the Highway Patrol, Daniels entered into an oral agreement with the assistant city attorney, with the consent of the city recorder, whereby it was agreed that after Daniel's successful participation in the Florence County Alcohol Safety Action Program, the city attorney would obtain an order of the Recorder's Court directing that Daniels be found not guilty of driving under the influence (§ 46-343) and guilty of driving too fast for conditions (§ 46-361).

On May 9, 1975, the case was disposed of in the above described manner by a written order of the city recorder. The State Highway Patrol first gained knowledge of the order some ten weeks later, on July 31, 1975, and on August 4, 1975, served notice of intention to appeal from the order of the city recorder to the Civil and Criminal Court of Florence. The notice of intention to appeal was served by the Attorney General on behalf of the town of Lake City as moving party. The recorder had captioned the case, *"City of Lake City v. John M. Daniels."*

The appeal was heard on February 26, 1976. The State (Highway Patrol) moved for an order changing the caption of the case so as to denominate "The State" as appellant and delete "City of Lake City" as the prosecuting authority.

By order dated May 24, 1976, and filed May 28, 1976, the Civil and Criminal Court of Florence dismissed the appeal.

In dismissing the appeal, the lower court held that:

"the . . . matter must be dismissed since the City of Lake City is the proper party to proceed with the prosecution under the authority of Section 46-685, Supra, and the official Summons and arrest report issued to the respondent by the State Highway Patrol. It has not appealed and did not authorize an appeal on its behalf. If the Court could at this time entertain the motion of the South Carolina Attorney

General to substitute the State of South Carolina as a party herein, such would be useless since the time for appeal has long since passed."

Although the essence of the judge's ruling was to hold that the State had no standing to pursue the appeal, he went on to give some significance to a letter of November 6, 1973, from the Attorney General to the Director of the Alcohol Safety Action Program. Reliance upon the letter and the program is misplaced, since the facts are not applicable.

In this appeal the State submits the following question: Did the lower court err in dismissing the State's appeal and refusing to correct the caption of the case upon the ground that the State was not the proper prosecuting party?

We are of the opinion that the lower court erred in dismissing the appeal. Here we have involved a charge, made by a State officer, of a violation of a state statute. The summons which brought Daniels before the city recorder is captioned, "State of South Carolina versus John Marion Daniels." Section 17-1 of the Code reads as follows: "A criminal action is prosecuted by the State, as a party, against a person charged with a public offense, for the punishment thereof."

Section 46-685 gives to a city recorder authority as follows:

"*Trial jurisdiction of municipal courts.*—All municipal courts of the State may try and determine criminal cases involving violations of this chapter occurring within the respective limits of such municipalities when the penalty prescribed by this chapter for such violations does not exceed thirty days' imprisonment nor one hundred dollars' fine and may have trial jurisdiction over such criminal cases the same as magistrates."

The effect of this Code section is to confer jurisdiction upon municipal courts and provide a forum for the disposition of criminal cases wherein one is charged with a violation

of "The Uniform Act Regulating Traffic on the Highways." Code § 46-201, *et seq*. However, when a case involving a violation of this act is made returnable to the city recorder, the city is not substituted as prosecuting authority and the caption of the case is not changed. The State remains throughout as the prosecuting authority. In *State v. Messervy*, 258 S. C. 110, 187 S. E. (2d) 524 (1972), this Court sanctioned the long established practice in this State whereby an arresting highway patrolman is permitted to prosecute the case he makes. Within a limited sphere he substitutes for a prosecuting attorney, because it is not practicable for the State to have a licensed attorney at law in the multitude of cases made by the Highway Patrol.

The Highway Patrol should have been notified. The time for appealing did not begin to run until the Patrol was notified on July 31, 1975. The State was not only a proper party before both the city recorder and the Civil and Criminal Court of Florence, but a necessary party to the disposition of the case. In *State v. Best*, 257 S. C. 361, 186 S. E. (2d) 272 (1972), we held that relief allowed on the part of the court without notice to the State was ". . . improvidently granted . . . and might have been set aside on that ground alone." Our ruling does not impinge upon the authority of the city recorder to exercise administrative control of his docket; nor does our ruling impinge upon the practice whereby attorneys other than representatives of the State are permitted to participate in the trial of a criminal case. In *State v. Addis*, 257 S. C. 482, 186 S. E. (2d) 415 (1972), we held that an attorney who is not employed by the State may participate in a criminal case with the consent of the State and the approval of the judge. In such an event, he assumes the same duties and obligations to the court as a solicitor.

Counsel cites no authority, and we are aware of none, which gives to the trial court (here the recorder) authority to find an accused person not guilty of an

offense charged, but guilty of another offense not charged, without notice to the representative of the State charged with the duty of pursuing the trial.

We hold that the Judge of the Civil and Criminal Court of Florence erred in failing to sustain the appeal, and we remand the case for trial on its merits to the city recorder. If he is inclined to disqualify himself, the case should be transferred to a magistrate having jurisdiction.

In an order settling the record on appeal, the lower court directed that ". . . the subject transcript should be included in the printed record in its entirety and further that the Office of the Attorney General should pay the costs of producing the same." The State has appealed from the settlement of the record. We hold no error in ordering that the record be printed, but the lower court erred in directing the Office of the Attorney General to pay the costs. The costs incident to this appeal should fall in keeping with the Rules of this Court.

REVERSED.

LEWIS, C. J., and NESS, RHODES and GREGORY, JJ., concur.