20684

STATE of South Carolina ex relatione Daniel R. McLEOD as Attorney General of the State of South Carolina, Appellants, v. Colonel W. J. SEABORN, as Director of Law Enforcement of the South Carolina Highway Patrol, Captain J. A. Spell, as District Commander of the South Carolina Highway Patrol, District 1, including Richland County, and as a Representative of all others similarly situated, and Sergeant Cletus L. Powell, as Highway Patrolman, and as a Representative of all others similarly situated, Respondents.

(244 S. E. (2d) 317)

*Atty. Gen. Daniel R. McLeod* and *Asst. Atty. Gen. Richard P. Wilson,* Columbia, *for appellants.*

*Asst. Attys. Gen. Marvin C. Jones* and *F. Kimball Joyner, Jr.,* Columbia, *for respondents.*

May 11, 1978.

GREGORY, Justice:

This declaratory judgment action was brought by the Attorney General under Section 15-53-10 *et seq.,* 1976 Code of Laws of South Carolina, to determine the propriety of the practice of the South Carolina Highway Patrol assigning supervisory officers to assist arresting officers in the prosecution of misdemeanor traffic violations in the magistrates' courts of this State. The issue is whether this activity constitutes the unlawful practice of law in violation of Section 40-5-310, 1976 Code, and Rule IV of the Supreme Court Rules concerning the South Carolina Bar [Rule IV]. The lower court held the Highway Patrol's activity was lawful and we affirm.

Section 40-5-310 prohibits the practice of law by persons who are not attorneys and provides:

No person shall practice or solicit the cause of any other person in any court of this State unless he has been admitted and sworn as an attorney, under a penalty of five hundred dollars for every cause he shall so solicit, one half to the State and the other half to him that will sue for it.

Rule IV prohibits no more than Section 40-5-310, and we will address the two provisions as one.

The Attorney General contends the Highway Patrol's practice of assigning experienced supervisory officers to assist new or inexperienced officers in the prosecution of traffic misdemeanors in the magistrates' courts is proscribed by Section 40-5-310 and Rule IV and should be enjoined.

In *State v. Messervy,* 258 S. C. 110, 187 S. E. (2d) 524 (1972), we approved the procedure whereby the arresting patrolman presents the State's case, testifies as prosecuting witness, cross examines defense witnesses and argues to the jury in the magistrates' courts. We did not consider whether this activity constitutes the unlawful practice of law because the question was not raised by Messervy's appeal.

Although the Attorney General does not challenge the prosecution of cases by the arresting officer as violating Section 40-5-310, we perceive no distinction for the purpose of this statute between the arresting officer and a supervisory officer assigned to assist the arresting officer.

The policy behind Section 40-5-310 was stated by this Court in *State v. Wells,* 191 S. C. 468, 5 S. E. (2d) 181 (1939):

. . . [T]he policy of prohibiting laymen from practicing law is not for the purpose of creating a monopoly in the legal profession, nor for its protection, but to assure the public adequate protection in the pursuit of justice, by preventing the intrusion of incompetent and unlearned persons in the practice of law. 5 S. E. (2d) at 186.

When the officers of the Highway Patrol present misdemeanor traffic violations in the magistrates' courts, whether as the arresting officer or a supervisory officer assisting the arresting officer, they do so in their official capacities as law enforcement officers and employees of the State. These officers do not hold themselves out to the public as attorneys,

and their activity in the magistrates' courts does not jeopardize the public by placing "incompetent and unlearned individuals in the practice of law." *State v. Wells, supra.* To the contrary, this activity renders an important service to the public by promoting the prompt and efficient administration of justice.

■ We can discern no purpose or policy consistent with Section 40-5-310 and Rule IV that would be served by enjoining the Highway Patrol from continuing this activity, and therefore hold the prosecution of misdemeanor traffic violations in the magistrates' courts by either the arresting officer or a supervisory officer assisting the arresting officer does not constitute the unlawful practice of law in violation of Section 40-5-310 and Rule IV.

Affirmed.

LITTLEJOHN, NESS, and RHODES, JJ., concur.

LEWIS, C. J., dissents.

LEWIS, Chief Justice (dissenting).

In my opinion, the activities approved by the majority constitute the practice of law in violation of Section 40-5-310 of the 1976 Code of Laws and Rule IV of the Rules of this Court concerning the South Carolina Bar; and I would so hold. I therefore dissent.

The facts are not in dispute. The South Carolina Highway Patrol makes each year many charges in magistrates' courts for violations of the traffic laws. In the trial of many of these cases, the Highway Patrol assigns supervisory personnel to assist the prosecuting officer. The personnel assigned to prosecute these cases are not attorneys but have had training and experience in the prosecution of cases in magistrates' courts. When so assigned to prosecute, they conduct trials on behalf of the State and, in so doing, make and resist motions, examine and cross-examine witnesses, make and resist objections to the admission of evidence,

argue points of law to the court, and present arguments to the jury. This Court has previously held, unequivocally, that the foregoing activities constitute the practice of law and, when engaged in by one not licensed as an attorney, constitute a violation of Section 40-5-310, *supra. State v. Wells,* 191 S. C. 468, 5 S. E. (2d) 181.

The case of *State v. Messervy,* 258 S. C. 110, 187 S. E. (2d) 524 does not sustain the majority view. Regardless of the *dicta* in that decision, we only held that, under those facts, no prejudice resulted from allowing the patrolman, the prosecuting witness, to argue to the jury.

This Court, in the majority opinion, for the first time is authorizing State agencies, here the State Highway Patrol, to, in effect, authorize persons unlicensed to practice law to provide legal representation for the State in magistrates' courts. With the creation of this new attorney many questions will, of necessity, arise in regard to his relationship with the public litigants. What degree of competency is required of these newly created attorneys? By what Code of Ethics will their professional conduct be judged? What authority will discipline them? Will this Court have the authority to suspend or disbar them from further practice in the magistrates' courts, if they are found guilty of misconduct; or will the State Highway Patrol have the sole right to judge the conduct of its employees and, therefore, the ethical standards of this new breed of lawyer that the majority opinion is now permitting to be created by edict of the Highway Department? What will be the accepted dress of this patrol-lawyer? He is, or will be, we are told, a member of the State Highway Patrol? Will he be permitted to appear as attorney wearing his officer's uniform, equipped with pistol, blackjack, and handcuffs? These might well be persuasive exhibits in the eyes of some jurors.

I suppose that this new position would best be characterized as that of a paralegal. If paralegals are to be permitted to practice law in the magistrates' courts, it should be only

after standards for their competence, conduct, and regulation are established, for, if the State can be represented by a paid paralegal, certainly the defendant can also. When we authorize paralegals to practice law, we should be prepared to meet the problems created by such action. Expediency is no justification for the action now taken by the majority.

I would reverse the judgment and hold that the actions here involved constitute the practice of law in violation of the foregoing statute and Rule.