### 21752

The STATE, Respondent, v. Betty BRANT, Appellant.

(293 S. E. (2d) 703)

*Jack B. Swerling* and *Jon P. Popowski,* Columbia, *for appellant.*

*Atty. Gen. Daniel R. McLeod, Asst. Atty. Gen. Preston F. McDaniel* and *Sol. James C. Anders,* Columbia, *for respondent.*

July 7, 1982.

NESS, Justice:

Appellant Betty Brant was convicted of resisting arrest pursuant to § 16-9-320, S. C. Code of Laws, (1976). Brant asserts the indictment here was defective and that the arresting security guard was not a law enforcement officer within the meaning of the statute. We disagree and affirm.

Ronald Sturkie, a security guard, observed appellant shoplifting in the Richway Store where he was employed. Sturkie followed appellant out to the store's parking lot where he

arrested her for shoplifting. When placed under arrest, appellant and two of her relatives beat Mr. Sturkie in the head and face causing him serious injuries. Appellant was indicted for resisting arrest.

Appellant contends the indictment was fatally defective because it charged the common law crime of resisting arrest which had been codified as S. C. Code of Laws (1976) § 16-9-320 prior to appellant's arrest. The indictment charged as follows:

"That Betty A. Brant did in Richland County on or about the 15th Day of December, 1980, resist with force the efforts of Russell Sturkie, a peace officer of this State to make a lawful arrest of the said Betty A. Brant."

■ An indictment is sufficient if the offense is stated with sufficient certainty and particularity to enable the court to know what judgment to pronounce, the defendant to know what he is called upon to answer, and so that an acquittal or conviction will sufficiently bar any subsequent prosecution. *State v. Sweat*, S. C. 279 S. E. (2d) 375, 377 (1981); *State v. Crenshaw*, 274 S. C. 475, 266 S. E. (2d) 61 (1980).

■ The language of the indictment clearly charged the crime of resisting arrest with force and provided appellant with adequate notice of the offense. This issue has no merit.

■ Appellant further alleges the security guard Sturkie was not a law enforcement officer under the statute and thus the charge and arrest was invalid.

The term "law enforcement officer" is defined in S. C. Code of Laws, (1976) (1981 Cum. Supp.) § 16-9-310:

"For purposes of this article 'law enforcement officer' shall mean any duly appointed or commissioned law enforcement officer of the State, a county or municipality."

The State Law Enforcement Division (SLED) has the authority to license and regulate private security agencies under § 40-17-10, S. C. Code, et seq. Security guards licensed by SLED, as was the security guard in this case, are granted powers identical to those of a sheriff on the property he is hired to protect. See S. C. Code of Laws (1976) § 40-17-130.

In determining the meaning of one statute, it is proper to consider other statutory provisions relating to the same subject matter. *Southern Ry. Co. v. S. C. State Hwy. Dept.*, 237 S. C. 75, 115 S. E. (2d) 685 (1960). Section 40-17-130 of the Code provides:

> "Any person covered by the provisions of § 40-17-90 or properly registered or licensed under this chapter who is hired or employed to patrol, guard or render a similar service on certain property *shall be granted the authority and power which sheriffs have to make arrest of any persons violating or charged with violating any of the criminal statutes of this State*, but shall have such powers of arrest only on the aforementioned property." (Emphasis added).

According to this provision, a security guard licensed by SLED stands in the shoes of the sheriff for purposes of arrest while he is on the property he is hired to protect.

Thus the SLED-licensed security guard here was clearly a "law enforcement officer" within the meaning of the statute. Appellant's conviction is affirmed.

Affirmed.

LEWIS, C. J., and LITTLEJOHN and GREGORY, JJ., concur.

HARWELL, J., not participating.