21842

In the Interest of JOSEPH B., a minor under seventeen years of age, Appellant.

(299 S. E. (2d) 331)

*Deputy Appellate Defender David W. Carpenter,* of *S. C. Com'n of Appellate Defense,* and *Asst. Public Defender Martha Dicus,* Columbia, *for appellant.*

*Att. Gen. Daniel R. McLeod, Asst. Atty. Gen. Harold M. Coombs, Jr.,* and *Sol. James C. Anders,* Columbia, *for respondent.*

Jan. 4, 1983.

*Per Curiam:*

Appellant was adjudicated delinquent upon three petitions charging him with trespassing upon the property of a public school under S. C. Code Ann. § 16-11-620 (Supp. 1981). He appeals, contending his directed verdict motion should have been granted on the ground that section 16-11-620 does not apply to conduct on public school property. In support of his argument he relies solely on *State v. Hanapole,* 255 S. C. 258, 178 S. E. (2d) 247 (1970), where we stated that section 16-11-620 applies only to trespasses on private property, and where we held that the statute has no application to conduct at a public airport. We find *Hanapole* distinguishable and affirm the judgment of the lower court.

Section 16-11-620, by itself, prohibits trespass "on the premises of another person" and makes no reference to trespass upon public property. Of course, we may consider other statutes which relate to the same subject matter as the trespass statute to determine whether it extends to conduct upon the grounds of a public school. *See State v. Brant,* S. C., 293 S. E. (2d) 703 (1982). This is particularly true where the extrinsic statute consulted, S. C. Code Ann. § 16-11-530 (1976), contains reference to the trespass statute.

Section 16-11-530 states in pertinent part:

> For the purpose of determining ... whether or not there has been a trespass upon [school] property as this offense is defined in § 16-11-600 and for all prosecutions under ... other statutes of a like nature, the trustees of the respective school districts in this State in their official capacity shall be deemed to be the owners and possessors of all school property.

Section 16-11-530 specifically applies to prosecutions for trespass under a statute not pertinent to this case (section 16-11-600) and also to prosecutions under "other statutes of a like nature." The design of this latter reference is to insure that section 16-11-530 embrace subsequently enacted trespass laws, such as section 16-11-620. Thus, for purposes of a prosecution for trespass under section 16-11-620, public school land is "owned and possessed" by the respective school district trustees pursuant to section 16-11-530. In other words, a

trespass upon school lands is a trespass "on the premises of another" as proscribed by section 16-11-620.

The situation here is unlike *Hanapole* where the conduct at a public airport could in no way fall within the proscription of section 16-11-620 of trespass to private property. We discount the seeming anomaly of the characterization of public school lands as private property. Even though public school land is owned by a political subdivision, it lacks the hallmarks which attend other property of the public. It is not devoted to the use of the entire public nor is there a universal right of access to it. *Cf. Hanapole.*

We conclude sections 16-11-530 and 16-11-620 together sustain a prosecution for trespass to public school grounds. The judgment of the lower court is affirmed.