### 22996

The STATE, Respondent v. Elizabeth SOSSAMON, a/k/a Lissa, and Cody Sossamon, Appellants.

(378 S. E. (2d) 259)

Supreme Court

*Wade S. Weatherford, III*, Gaffney, *for appellants.*

*Holman Gossett, Sol.* and *Don Letteer, Asst. Sol.*, Spartanburg, *for respondent.*

Heard Feb. 21, 1989.

Decided March 27, 1989.

GREGORY, Chief Justice:

Appellants Elizabeth and Cody Sossamon were convicted by a jury in magistrate's court of violating the open container law, S. C. Code Ann. § 61-9-87 (Supp. 1988). Elizabeth Sossamon was also convicted of first offense driving under the influence. On appeal to the circuit court, the convictions were affirmed. We reverse.

Appellants contend the circuit court erred in holding Corporal Moss of the State Highway Patrol was properly allowed to act as the prosecutor at the trial of the case.

Because of the impracticality of a prosecuting attorney presenting every traffic court violation, this Court has permitted the practice of allowing an arresting officer to prosecute the case in magistrate's court. *State v. Messervy,* 258 S. C. 110, 187 S. E. (2d) 524 (1972). In *State ex rel. McLeod v. Seaborn,* 270 S. C. 696, 244 S. E. (2d) 317 (1978), we extended this holding to allow a supervisory officer to assist a new or inexperienced officer in prosecuting a case.

In this case, appellants were stopped and arrested by county sheriff's deputies. Although Corporal Moss appeared at the scene, he was not an arresting officer. Over appellant's objection, Corporal Moss was allowed to prosecute the case.

Because Corporal Moss was not an arresting officer nor a supervisor of the county sheriff's deputies who arrested appellants, it was error to allow him to prosecute this case. Necessity does not require that we extend our holdings in *Messervy* and *Seaborn.* We limit the practice of an officer acting as prosecutor to the circumstances set forth therein.

Accordingly, the judgment of the circuit court is reversed and the case is remanded for a new trial.

Reversed and remanded.

HARWELL, CHANDLER, FINNEY and TOAL, JJ., concur.