23744

City of EASLEY, Appellant v. Vickie B. CARTEE, Respondent.

(424 S.E. (2d) 491)

Supreme Court

G. *Edward Welmaker*, Pickens, *for appellant.*

*James M. Robinson*, Easley, *for respondent.*

Heard Oct. 12, 1992.

Decided Nov. 30, 1992.

HARWELL, Chief Justice:

The City of Easley (the City) appeals the reversal of a municipal court shoplifting conviction, alleging that the circuit court erred in holding that the case could not be prosecuted by the security guard who effected the arrest. We reverse.

## I. FACTS

On January 10, 1991, Robert Edens (Edens), a licensed security officer,[1] arrested Vickie Cartee (Cartee) for shoplifting as she attempted to leave his employer's grocery store with merchandise allegedly concealed in her purse. On February 18, 1991, Edens prosecuted the case over Cartee's objection before a jury in magistrate's court. The jury found Cartee guilty and she appealed her conviction to the circuit court, claiming that the magistrate should not have allowed Edens to prosecute the case. The circuit court reversed on the basis that private security officers have no authority to prosecute. The City appealed.

## II. DISCUSSION

We have approved the practice of allowing law enforce-

---

[1] Security officers must be licensed by the State Law Enforcement Division pursuant to S.C. Code Ann. §§ 40-17-10 to -170 (1986 & Supp. 1991).

ment officers to prosecute misdemeanor cases in magistrate's and municipal court. *State v. Messervy,* 258 S.C. 110, 187 S.E. (2d) 524 (1972). The City asserts that licensed security officers have the same authority as law enforcement officers to prosecute misdemeanor cases in magistrate's court. We agree.

The legislature has granted licensed security officers the authority and power of sheriffs to arrest any person violating the criminal statutes of this State. *See* S.C. Code Ann. § 40-17-130 (1986). The power is limited only by the requirement that the arrest must be made on property that the security officer is licensed to protect. *Id.* Thus, like the police, licensed security officers perform a law enforcement function and act in an official capacity when making an arrest. *Cf. State v. Brant,* 278 S.C. 188, 293 S.E. (2d) 703 (1982) (security guard is a law enforcement officer for purpose of resisting arrest prosecution); *Chiles v. Crooks,* 708 F. Supp. 127, 131 (D.S.C. 1989) (arrest by security guard on licensed premises is action under color of state within scope of 42 U.S.C. § 1983). Therefore, in light of the legislature's extension of law enforcement authority to licensed security officers, we hold that licensed security officers may prosecute misdemeanor cases in magistrate's or municipal court.[2]

The order of the circuit court is

Reversed.

FINNEY, TOAL and MOORE, JJ., and BRUCE LITTLEJOHN, Acting Associate Justice, concur.

---

[2] In our prior cases regarding the authority of law enforcement to prosecute misdemeanors, the facts involved traffic or traffic-related offenses. *See State v. Sossamon,* 298 S.C. 72, 378 S.E. (2d) 259 (1989); *State ex rel. McLeod v. Seaborn,* 270 S.C. 696, 244 S.E. (2d) 317 (1978); *Messervy.* In our view, the prosecutorial authority granted to law enforcement officers and licensed security guards applies with equal force to non-traffic misdemeanors within the jurisdiction of a magistrate's or municipal court.