512 S.E.2d 791

**In the Matter of LEXINGTON COUNTY TRANSFER COURT, Eleventh Judicial Circuit Solicitor Donald V. Myers, Petitioner.**

**No. 24890.**

Supreme Court of South Carolina.

Submitted Oct. 12, 1998.

Decided Jan. 25, 1999.

48

Eleventh Judicial Circuit Solicitor Donald V. Myers, of Lexington, for petitioner.

Desa Ballard, of West Columbia, for David B. Butler.

Disciplinary Counsel Henry B. Richardson, Jr., of Columbia, for the Office of Disciplinary Counsel.

PER CURIAM:

Petitioner sought to have the Court accept this matter in our original jurisdiction to determine whether certain tasks performed by a non-attorney employee of the solicitor in the operation of the Lexington County transfer court constitutes the unauthorized practice of law. The transfer court system was established under S.C.Code.Ann. § 22-3-545 (Supp.1997) which authorizes the transfer from general sessions court to magistrates' or municipal court of criminal cases in which the penalty does not exceed $5,000 and one-year imprisonment.

David Butler, a Lexington County attorney, filed a return opposing the petition. Disciplinary Counsel filed a return asking the Court to accept the petition in its original jurisdiction and to grant additional guidance concerning the unauthorized practice of law in the summary courts.

The Court invoked its original jurisdiction to determine whether the non-attorney employee was engaged in the unauthorized practice of law and, pursuant to S.C.Code Ann. § 14-3-340 (1976), John W. Kittredge was appointed as referee to make findings of fact and conclusions of law concerning this matter. A hearing was held and the referee issued proposed findings and recommendations.

 We adopt the referee's findings and recommendations attached to this opinion and hold that general, preparatory, case management activities conducted by a non-attorney do not constitute the practice of law provided the solicitor or an assistant solicitor supervises the work and has complete responsibility for the work product. However, plea negotiations and representation of the state in transfer court guilty plea proceedings constitute the practice of law and the state may only be represented by a solicitor or an assistant solicitor during plea negotiations and guilty plea proceedings.

ATTACHMENT

THE STATE OF SOUTH CAROLINA
IN THE SUPREME COURT

IN THE ORIGINAL JURISDICTION
OF THE SUPREME COURT

IN THE INTEREST OF THE LEXINGTON COUNTY TRANSFER COURT, ELEVENTH JUDICIAL CIRCUIT SOLICITOR DONALD V. MYERS, PETITIONER.

PROPOSED FINDINGS AND RECOMMENDATIONS
OF REFEREE

This is a declaratory judgment action in the Supreme Court's original jurisdiction. This matter has been referred to me as referee to take evidence and issue a report containing proposed findings and recommendations to the Court. The focus of the inquiry is whether certain tasks performed by a non-attorney employee of the solicitor in the operation of a transfer court constitutes the unauthorized practice of law. I find the negotiation of guilty pleas and the representation of the state in transfer court by a non-attorney employee of the solicitor constitutes the unauthorized practice of law.

## BACKGROUND

The General Assembly established the transfer court system in 1992. *S.C.Code Ann.* § 22–3–545 (1976, as amended). The law authorizes under certain conditions the transfer from general sessions court to magistrates' or municipal court of criminal cases in which the penalty does not exceed $5,000 and one-year imprisonment. The transfer court provides a valuable function, for it permits the solicitor and consenting defendants to timely and efficiently dispose of many criminal cases. The transfer court serves its intended purpose well in addressing the ever-increasing volume of criminal cases.

This dispute arises from the use of a non-attorney employee of the solicitor's office in the operation of the Lexington County Transfer Court. The facts are stipulated. An assistant solicitor is assigned by the solicitor to supervise the operation of the transfer court. Much of the state's legal representation, however, is delegated to a non-attorney employee.[1] This non-attorney performs the following duties:

Opening and updating files; obtaining investigative reports and criminal records; preparing indictments; printing a roster of cases; notifying officers, victims and witnesses; coordinating court dates with magistrates for guilty plea dates and jury trial dates; occasionally negotiating guilty pleas with defendants and defense counsel; the calling of some cases for guilty pleas and the presentation of the guilty plea (unaccompanied by the assistant solicitor) to the magistrate.

Moreover, the non-attorney employee is occasionally the only representative of the solicitor's office in the courtroom.

## DISCUSSION

South Carolina, like other jurisdictions, limits the practice of law to licensed attorneys. *S.C.Code Ann.* § 40–5–310 (1976). The protection of the public so demands. Beyond the compelling public policy considerations, courts have been historically

---

1. The non-attorney employee appointed by solicitor Myers is his senior investigator. This senior investigator is well-qualified and experienced. His qualifications, in my opinion, are largely irrelevant. The dispositive inquiry is whether a non-attorney is engaging in the practice of law.

hesitant in defining broadly what constitutes the practice of law. The 'practice of law' cases tend to be fact-intensive. Indeed, our Supreme Court exercises restraint in defining the practice of law, electing to judge each case in accordance with its own facts and circumstances. Recognizing the "unclear" [2] line between proper and improper conduct of non-attorneys, the Supreme Court noted:

> We are convinced, however, that it is neither practicable nor wise to attempt a comprehensive definition by way of a set of rules. Instead, we are convinced that the better course is to decide what is and what is not the unauthorized practice of law in the context of an actual case or controversy. *In Re Unauthorized Practice of Law Rules Proposed by the South Carolina Bar,* 309 S.C. 304, 422 S.E.2d 123, 124 (S.C.1992).

There are, nevertheless, some general and fundamental principles which give guidance in determining whether certain conduct constitutes the unauthorized practice of law.

> It is too obvious for discussion that the practice of law is not limited to the conduct of cases in courts ... [I]t embraces ... the management of such actions and proceedings on behalf of clients before judges and courts ... An attorney at law is one who engages in any of these branches in the practice of law. The following is the concise definition given by the Supreme Court of the United States: 'Persons acting professionally in legal formalities, negotiations, or proceedings by the warrant or authority of their clients may be regarded as attorneys at law within the meaning of that designation as employed in this country.' *In Re Duncan,* 83 S.C. 186, 65 S.E. 210, 211 (S.C.1909); *see also State v. Wells,* 191 S.C. 468, 5 S.E.2d 181, 183 (1939).

> "It is the *character* of the services rendered, not *where* they are rendered, which determines whether the acts constitute the practice of law." *Matter of Peeples,* 297 S.C. 36, 374 S.E.2d 674, 677 (S.C.1988) (emphasis in original).

---

**2.** *State v. Buyers Service Co., Inc.,* 292 S.C. 426, 357 S.E.2d 15, 17 (S.C.1987).

## A. General Case Management

Applying these rules of reason to the present situation, I find that a non-attorney of the solicitor may properly perform the general case management duties of transfer court cases [3] provided the solicitor or his assistant "maintains a direct relationship with [the law enforcement agency involved and, if applicable, the victim], supervises the delegated work and has complete professional responsibility for the work product." *Matter of Easler*, 275 S.C. 400, 272 S.E.2d 32 (S.C.1980). A solicitor's reliance on a non-attorney employee in general case management duties is akin to the assistance of paralegals in civil matters. "The activities of a paralegal [or solicitor's office investigator/employee] do not constitute the practice of law as long as they are limited to work of a *preparatory* nature ... which enable the licensed attorney-employer to carry a given matter to a conclusion through his own examination, approval or additional effort." *Id.* at 32–33 (emphasis added).

## B. Negotiation of Guilty Pleas

The non-attorney's negotiation of guilty pleas with defendants and defense counsel clearly crosses the line into the unauthorized practice of law. Plea negotiations require the training, skill and accountability of an attorney. There are numerous issues involved in plea negotiations, including counsel versus uncounseled pleas; recommended sentences versus negotiated plea agreements; *nolo contendere* pleas and related implications; handling of enhanced penalties for subsequent offenses per *Baldasar v. Illinois*, 446 U.S. 222, 100 S.Ct. 1585, 64 L.Ed.2d 169 (1980), and the list goes on. The reasonable assurance of a truly final outcome and accountability to professional discipline dictate that plea negotiations fall squarely within the practice of law. The negotiation of a plea is fertile territory for confusion and uncertainty. To be sure,

---

**3.** The specific duties include opening and updating files; obtaining investigative reports and criminal records; preparing indictments; printing a roster of cases; notifying officers, victims and witnesses; coordinating court dates with magistrates for guilty plea dates and jury trial dates; and other similar preparatory duties assigned by the supervising attorney.

the field of plea negotiations is no place for a non-attorney. *See State v. Thrift*, 312 S.C. 282, 440 S.E.2d 341 (S.C.1994).

Plea negotiations constitute the practice of law and may not be delegated to a non-attorney. I do not recommend any exception which would permit a non-attorney to initiate, respond to, or otherwise engage in plea negotiations.

## C. *Representation of the State in Transfer Court*

I further find that a non-attorney's representation of the state in transfer court constitutes the unauthorized practice of law. This rule applies with equal force to represented defendants, in that neither the public defender's office nor retained defense counsel may rely on a non-attorney or paralegal to represent the defendant in a guilty plea. The representation of a party in a guilty plea in transfer court requires the presence and participation of legal counsel. Narrow exceptions to this general rule have been recognized in magistrates' courts. *State v. Messervy*, 258 S.C. 110, 187 S.E.2d 524 (S.C.1972) (arresting officer may prosecute case in magistrates' courts); *State ex rel. McLeod v. Seaborn*, 270 S.C. 696, 244 S.E.2d 317 (1978) (*Messervy* exception extended to include a supervisory officer of the arresting officer); *State v. Sossamon*, 298 S.C. 72, 378 S.E.2d 259 (S.C.1989) (*Messervy* exception limited to arresting officer and his supervisor, and request to extend *Messervy* exception denied). I reject the solicitor's attempt to bootstrap the use of his non-attorney employee to the *Messervy* exception.

The solicitor correctly points out that non-attorneys (such as police officers, victims and victim advocates) routinely make statements to a trial judge in the taking of a guilty plea and sentencing. The distinction is that such statements are made in the context of the state's presentation while represented by an attorney.

I appreciate the difficulties faced by this solicitor in the operation of transfer court. This solicitor has acted in good faith and worked diligently in effectively managing the criminal docket and disposing of a substantial number of cases through the transfer court. There are practical considerations which make the solicitor's guilty plea (non-attorney) versus trial (attorney only) approach understandable. Limited re-

sources and budgetary constraints, coupled with expanding criminal dockets, may merit consideration of an exception to the rule. But in the first instance, such conduct constitutes the practice of law. It is my recommendation that no exception be granted under these circumstances. First, there are important differences between magistrates' court and transfer court. For example, while a solicitor is under no duty to prosecute a case in magistrates' court, all cases in transfer court "must be prosecuted by the solicitor's office." *S.C.Code Ann.* § 22–3–545(C). Thus the solicitor has a duty to prosecute transfer court cases. Second, the exception would likely be cumbersome and create more confusion. Would an assistant solicitor have to be physically present in the courtroom at all times? If so, who would monitor this requirement? Would a brief absence of the solicitor or his assistant from the courtroom potentially constitute grounds for relief from the guilty plea in post conviction relief proceedings or otherwise? Would there be situations when an attorney must represent the state in a guilty plea, thereby creating an exception to the exception? If a non-attorney employee of the solicitor is permitted to represent the state, under what circumstances could a non-attorney employee of the public defender's office (or a non-attorney employee of retained defense counsel) represent a defendant in a guilty plea? In sum, although I am sympathetic with the solicitor's situation, I do not recommend any exception which would permit a non-attorney employee of the solicitor to represent the state in transfer court guilty plea proceedings.

## CONCLUSION

1. General, preparatory case management duties do not constitute the practice of law provided the solicitor or his assistant supervises the work and has complete responsibility for the work product.

2. Plea negotiations constitute the practice of law. No exception recommended.

3. Representation of the state in transfer court guilty plea proceedings constitutes the practice of law. No exception recommended.

Respectfully submitted

/s/ John W Kittredge
John W. Kittredge
Referee