643 S.E.2d 682

**The STATE, Respondent,**

v.

**Gary Andrew BARLOW, Appellant.**

**The State, Respondent,**

v.

**Charles David Gibson, Appellant.**

**No. 26294.**

Supreme Court of South Carolina.

Submitted March 21, 2007.

Decided March 26, 2007.

Chief Attorney Joseph L. Savitz, III, of South Carolina Commission on Indigent Defense, Division of Appellate Defense, of Columbia, for Appellants.

Teresa A. Knox, Tommy Evans, Jr., and J. Benjamin Aplin, all of Columbia, for Respondent.

Justice WALLER:

These are direct appeals from appellants' respective probation revocations. Both cases raise the issue of whether the trial court erred in allowing a non-attorney to present the State's case for revocation. We affirm.

## FACTS

### State v. Barlow

In January 2003, appellant Gary Andrew Barlow was convicted of strong arm robbery and sentenced to 15 years' imprisonment, suspended upon the service of three years' imprisonment and two years of probation. He was released from custody in July 2004 and placed on probation. In September 2004, he was permitted, pursuant to the Interstate Compact for the Supervision of Parolees and Probationers, to move to the State of Washington. In 2005, he was arrested in Washington for violating probation and extradited to South Carolina. South Carolina issued an arrest warrant for Barlow based on the probation violations committed in Washington which included, *inter alia,* submitting an adulterated urine test.

At the probation revocation hearing, Barlow was represented by counsel; a probation agent appeared on behalf of the State. In addition, a victim's advocate presented to the court Sherry Hambrick, the victim of the strong arm robbery who made statements regarding Barlow's crime against her. The victim's advocate also directly addressed the trial court about the facts of the 2002 robbery. The trial court found Barlow willfully violated probation and revoked three years on his sentence.

### State v. Gibson

In 2001, appellant Charles David Gibson pled guilty to criminal sexual conduct with a minor, second degree. He was

sentenced to 12 years' imprisonment, suspended with probation for five years. In March 2004, Gibson signed a paper which expressly stated he was to have no contact with any minor children. An arrest warrant for Gibson was issued in July 2004 based on several probation violations. Significantly, Gibson was charged with failure to refrain from association with any person the probation agent has instructed him to avoid. This allegation was based on Gibson having his two minor children at his residence on June 19 and 20, 2004.

At the probation revocation hearing, Gibson was represented by counsel; a probation agent appeared on behalf of the State. The probation agent argued to the trial court that, as a sexual offender in counseling, Gibson should not have put himself in a situation where he was at risk to re-offend. Primarily for that reason, the probation agent recommended that a portion of his suspended sentence be revoked. The trial court found Gibson in violation of his probation and revoked two years of the original 12–year sentence.

## ISSUE

Did the trial court err by allowing non-lawyers to present the probation revocation cases?

## DISCUSSION

Appellants both argue the trial court erred because it allowed the State to present the probation revocation case through a non-lawyer, i.e. a probation agent and victim's advocate for Barlow, and a probation agent for Gibson. We disagree.

By statute, a probation agent has the power to issue an arrest warrant charging a violation of conditions of supervision, as well as the power of arrest. S.C.Code Ann. § 24–21–280(B) (2007); see also S.C.Code Ann. § 24–21–450 (2007) (the trial court or the probation agent "may issue or cause the issuing of a warrant and cause the defendant to be arrested for violating any of the conditions of probation."). A probation agent must report any arrest to the trial court and submit a written report detailing how the probationer has violated his probation. Id. § 24–21–450. The statute outlining the duties and powers of probation agents also specifies that in the performance of a probation agent's duties, he "is regarded as

**the official representative of the court,** the department, and the board." *Id.* § 24–21–280(B) (emphasis added).

■ We have noted "there is quite a difference between a criminal prosecution and a probation revocation hearing." *State v. Franks,* 276 S.C. 636, 638, 281 S.E.2d 227, 228 (1981). Although the underlying probation violations "may themselves be criminal offenses, the probation revocation proceeding is not a criminal trial of those charges ..., but a more informal proceeding with respect to notice and proof of the alleged violations." *Id.* (citations omitted); *see also U.S. v. Davis,* 151 F.3d 1304, 1307 (10th Cir.1998) ("Probation revocation proceedings are not criminal proceedings"). Significantly, "[n]o additional punishment is invoked" when the trial court decides to revoke probation. *Franks,* 276 S.C. at 638, 281 S.E.2d at 228.

■ Given the statutory powers given to probation agents, as well as the fact that a probation revocation hearing is not a formal criminal proceeding, we hold the trial court did not err in allowing the probation agent to "present" these cases. Clearly the statutes envision a close relationship between the sentencing court and the probation agent when there has been an allegation of probation violation. *See* §§ 24–21–280, 24–21–450. Moreover, we find no error in allowing the victim's advocate to address the trial court. *See* S.C.Code Ann. § 16–3–1560 (2003) (victim has the right to attend and comment at post-conviction proceedings affecting probation).

■ Finally, as to appellants' contention that the non-attorneys' activities in these cases amount to the unauthorized practice of law, we find their comments and/or reports to the trial court do not constitute the practice of law. *Cf. Leverette v. State,* 248 Ga.App. 304, 546 S.E.2d 63 (2001) (where the Georgia Court of Appeals found that a probation officer's filing of a petition seeking a probation revocation hearing did not constitute the unauthorized practice of law). Both parties cite to *In re Unauthorized Practice of Law Rules,* 309 S.C. 304, 422 S.E.2d 123 (1992), wherein this Court reaffirmed the rule that police officers may prosecute traffic offenses in magistrate and municipal courts. Because a probation revocation proceeding is not a criminal prosecution, however, we find *In re Unauthorized Practice of Law Rules* inapposite to the instant cases.

Nonetheless, the underlying rationale for allowing a patrolman to act as prosecutor in limited circumstances lends support to why it is also permissible for a probation agent to participate in the probation revocation hearing. In *State ex rel. McLeod v. Seaborn*, 270 S.C. 696, 244 S.E.2d 317 (1978), we stated as follows:

> When the officers of the Highway Patrol present misdemeanor traffic violations in the magistrates' courts ..., they do so in their official capacities as law enforcement officers and employees of the State. These officers do not hold themselves out to the public as attorneys, and their activity in the magistrates' courts does not jeopardize the public by placing "incompetent and unlearned individuals in the practice of law." ... To the contrary, this activity renders an important service to the public by promoting the prompt and efficient administration of justice.

*Id.* at 698–99, 244 S.E.2d at 319 (citation omitted). Similarly, when a probation agent presents a probation revocation case, the agent is acting in his official capacity and is not holding himself out to the public as an attorney. *See* S.C.Code Ann. § 24–21–280(B). Clearly, the agent "renders an important service to the public by promoting the prompt and efficient administration of justice." *Seaborn*, 270 S.C. at 699, 244 S.E.2d at 319. Thus, we reject appellants' argument that the non-attorneys' actions in these cases amounted to the unauthorized practice of law.

Accordingly, appellants' respective probation revocations are **AFFIRMED.**

TOAL, C.J., MOORE, BURNETT and PLEICONES, JJ., concur.