657 S.E.2d 449

The STATE, Respondent

v.

Ricky RAINWATER, Appellant.

No. 26423.

Supreme Court of South Carolina.

Heard Dec. 4, 2007.

Decided Jan. 28, 2008.

Harry T. Heizer, of Irmo, for Appellant.

Charles Hillard Sheppard, Jr., and Rachel Donald Erwin, both of Blythewood, for Respondent.

Justice BEATTY:

Ricky Rainwater appeals the circuit court's order finding an arresting officer could prosecute his driving under the influence (D.U.I.) case after the officer transferred to another law enforcement agency. We affirm.

## FACTS

On August 19, 2001, Trooper Jason Stoner, with the South Carolina Highway Patrol, stopped Ricky Rainwater in Lexington County and charged him with D.U.I. Stoner later left the Highway Patrol and accepted employment with the Lexington County Sheriff's Department. Rainwater's case was called for trial on June 18, 2003, and Deputy Stoner appeared to prosecute the case. Prior to trial and prior to empaneling the jury, Rainwater's attorney moved to disqualify Deputy Stoner from prosecuting the case because he was no longer with the Highway Patrol. Deputy Stoner asked the magistrate whether he could call his former supervisor from the Highway Patrol to handle the matter, and the magistrate denied the request. The magistrate directed the verdict for Rainwater.[1]

The State filed a motion entitled, "Motion for New Trial," arguing that it was error to dismiss the case because, although Stoner was no longer with the Highway Patrol, he could still prosecute the case as the *arresting officer*. In the alternative, the State argued Stoner's former supervisor from the Highway Patrol could have prosecuted the case. The State requested that the magistrate reconsider the matter and remand the case for trial. After a hearing, the magistrate denied the

---

1. Rainwater asserts the magistrate actually just dismissed the case, and there is evidence at trial that Rainwater believed the case was dismissed. However, the oral pronouncement and the written return both state that the magistrate was granting a directed verdict. It would be improper for the magistrate to grant a "directed verdict" based on the insufficiency of the evidence when no evidence had yet been presented. Accordingly, we interpret the magistrate's order as one of dismissal.

motion, and the State filed a Notice of Appeal with the circuit court.

Both parties eventually participated in a hearing before Judge Clyde N. Davis on June 29, 2006. After the hearing, Judge Davis reversed and remanded the matter to the magistrate court for trial. Specifically, Judge Davis held the magistrate: (1) erred in dismissing the case because Stoner was an arresting officer and could have prosecuted the case; (2) erred in dismissing the case or directing a verdict prior to the swearing of the jury or presentation of evidence; and (3) could have granted a continuance to Stoner, despite his failure to use the word "continuance," because it was obvious what Stoner was requesting and having a supervisor there would allow the case to proceed. Rainwater appeals.

## DISCUSSION

Rainwater argues that the rule allowing police officers to prosecute magistrate level cases should be narrowly construed to mean that an officer of one agency may not assist another agency in the prosecution of the case. We disagree.

Three cases deal with the practice of officers prosecuting magistrate level cases. In *State v. Messervy,* 258 S.C. 110, 187 S.E.2d 524 (1972), this Court noted the impracticability of having prosecuting attorneys present the State's case in the voluminous number of traffic court cases, and it upheld the common law practice of allowing arresting officers to act as prosecutors at the summary court level. *Messervy,* 258 S.C. at 113, 187 S.E.2d at 525. The Court noted that the officer's actions would be subject to the magistrate's scrutiny to ensure proper conduct. *Id.* In *State ex rel McLeod v. Seaborn,* 270 S.C. 696, 244 S.E.2d 317 (1978), the Court held the "prosecution of misdemeanor traffic violations in the magistrates' courts by either the arresting officer or a supervisory officer assisting the arresting officer does not constitute the unlawful practice of law...." *Seaborn,* 270 S.C. at 699, 244 S.E.2d at 319.

More recently, this Court declined to extend the holdings in *Messervy* and *Seaborn.* In *State v. Sossamon,* 298 S.C. 72, 378 S.E.2d 259 (1989), a State Highway Patrol trooper appeared at the scene where county sheriff's deputies were

arresting the Sossamons for D.U.I. and violating the open container law. The trooper prosecuted the case, and this Court reversed the circuit court's affirmance of the conviction. Noting that it is practical to allow an arresting officer to prosecute magistrate level traffic offenses and to allow a supervisor to assist arresting officers, the Court found it was error to allow the trooper to prosecute the case because he was neither the arresting officer nor the supervisor of the arresting officers. The Court limited the practice of allowing an officer to act as a prosecutor to the arresting officer and his supervisor. *Sossamon*, 298 S.C. at 73, 378 S.E.2d at 260.

The *Sossamon* court did not distinguish between the agencies, but it focused on the fact that the trooper prosecuting the case was neither an arresting officer nor a supervisor of the arresting officer. By contrast, Deputy Stoner was the arresting officer and the person able to testify regarding the events surrounding the arrest. Regardless of Deputy Stoner's decision to change law enforcement agencies, we find it was appropriate for him to prosecute the matter. Thus, we find the circuit court correctly interpreted *Sossamon* as allowing Deputy Stoner to prosecute the D.U.I. Further, because Deputy Stoner was qualified to prosecute the D.U.I. case, and the magistrate's decision to dismiss the matter caught the State by surprise, it was an abuse of discretion for the magistrate to deny Stoner's obvious request for a continuance in order to obtain an alternate person to prosecute. *See Morris v. State*, 371 S.C. 278, 283, 639 S.E.2d 53, 56 (2006) (noting that although the reversal of the denial of a continuance is rare, it was clearly an abuse of discretion to deny the continuance because it resulted in prejudice to the appellant).

Accordingly, we find the circuit court was correct in its decision to reverse the magistrate's grant of relief and remand the matter to the magistrate for trial.

**AFFIRMED.**

TOAL, C.J., MOORE, WALLER and PLEICONES, JJ., concur.