THIS
 OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS
 PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Supreme Court

 
 
 
 The State, Appellant,
 v.
 Rebecca Lippard, Respondent.
 
 
 

Appeal From Lexington County
R. Knox McMahon, Circuit Court Judge
Memorandum Opinion No.  2011-MO-003
Heard November 16, 2010  Filed January
 18, 2011  
AFFIRMED

 
 
 
 General
 Counsel Robert E. Bogan and Assistant General Counsel Rachel D. Erwin, of S.C.
 Department of Public Safety, of Blythewood, for Appellant.
 Heath
 Preston Taylor, of Taylor Law Firm, of West Columbia, for Respondent.
 
 
 

PER CURIAM:  A Lexington County magistrate
 suppressed evidence in a driving under the influence ("DUI") case
 against Rebecca Lippard ("Lippard") based on alleged Miranda[1] violations.  The
 magistrate thereafter granted a directed verdict of
 acquittal in favor of Lippard, and the circuit court affirmed.  The State
 appeals, arguing the circuit court erred in ruling the magistrate entered a
 valid directed verdict in this case because jeopardy had not yet attached.
I.
The magistrate described in her return what transpired
 leading up to her decision to grant a directed verdict:

 That concluded the pretrial motions and at that time,
 the Court called the case.  The Trooper stated in light of suppression of this
 evidence, he did not have any evidence to move forward and proceed with the
 trial.  The Defense then moved for a dismissal.  That motion was denied and the
 Court then clarified with the Trooper that he did not wish to move forward. 
 The Trooper stated that was correct.  The Defense attorney then moved for a
 directed verdict of not guilty.  The Court granted this motion and found the
 defendant not guilty of Driving Under the Influence.  

There
 is no indication in the record that the trooper raised any contemporaneous
 objections in the proceeding before the magistrate.  The magistrate specifically
 noted that the trooper did not ask for a continuance for any reason.  On
 appeal, the State now contends the magistrate committed legal error in granting
 the directed verdict because jeopardy had not yet attached and argues the directed
 verdict should be construed as merely a dismissal, citing State v. Rainwater,
 376 S.C. 256, 657 S.E.2d 449 (2008). [2]
II.
In
 this case, we are unable to consider the State's arguments.  It is axiomatic that issues not involving
 subject matter jurisdiction may not be raised for the first time on appeal, but
 must have been raised to and
 ruled upon by the trial court in order to be considered on appeal.  The burden
 of providing a sufficient record is on the State as the appealing party.  Because
 there is no indication any contemporaneous objections were made to the magistrate's
 entry of a directed verdict
 and to the propriety of this ruling, no issue was preserved for appeal in this
 regard.  
We hold the issue is not properly before this Court for
 consideration and, therefore, affirm pursuant to Rule 220(b)(1), SCACR and the
 following authorities:  State v. Johnson, 363 S.C. 53, 58, 609
 S.E.2d 520, 523 (2005) ("To
 preserve an issue for review there must be a contemporaneous objection that is
 ruled upon by the trial court."); id. at 58-59, 609 S.E.2d at 523 ("If
 a party fails to properly object, the party is procedurally barred from raising the issue on appeal."); State v. Williams, 321
 S.C. 455, 469 S.E.2d 49 (1996) (stating the burden is on the appealing
 party to provide a sufficient record to enable appellate review); State v.
 Hoffman, 312 S.C. 386, 440 S.E.2d 869 (1994) (stating a contemporaneous
 objection on a specific ground is required to preserve an alleged error for
 appellate review); State v. Hutto, 279 S.C. 131, 303 S.E.2d 90 (1983)
 (affirming the State's appeal where it presented an insufficient record to
 enable review of the issue on appeal); State v. Henderson, 347 S.C. 455,
 457, 556 S.E.2d 691, 692 (Ct. App. 2001) (observing in criminal appeals from
 magistrate or municipal court, the circuit court does not conduct a de novo
 review, but instead reviews the record for preserved errors raised by an
 appropriate exception; further, an appellate court reviewing the circuit
 court's appeal may review for errors of law only); State v. Harris, 311
 S.C. 162, 167, 427 S.E.2d 909, 912 (Ct. App. 1993) ("An issue not raised
 at trial is waived on appeal.").

AFFIRMED.
TOAL, C.J.,
 PLEICONES, BEATTY, KITTREDGE and HEARN, JJ., concur.

[1]  Miranda v. Arizona,
 384 U.S. 436 (1966).
[2]  The State acknowledges an appeal from a directed verdict of acquittal
 is generally not allowed, but argues an appeal is allowed from a dismissal.  See,
 e.g., State v. Holliday, 255 S.C. 142, 144-45, 177 S.E.2d 541,
 542 (1970) (observing the State has a limited right of appeal in criminal
 cases and that it generally has no right of appeal from an acquittal except in
 circumstances where the acquittal was procured by the accused's fraud or
 collusion; this principle applies even in cases where there has been legal
 error); State v. Lynn, 120 S.C. 258, 260, 113 S.E. 74, 75 (1922)
 ("That the State has no right of appeal from judgment upon verdict of
 acquittal in a criminal case seems to have been recognized and accepted as the
 law of this jurisdiction from the beginning of our judicial history.").