## 65074. SMITH v. THE STATE.

BANKE, Judge.

Johnnie Mae Smith brings this appeal from the revocation of her probation. Convicted in September 1981 of forgery in the first degree, she received a 4-year sentence, to be served on probation provided she complied with three specified conditions: (1) That she make restitution to the victim of the forgery; (2) that she use alcoholic beverages only in moderation; and (3) that she not violate any local, state, or federal laws. See Ga. Code Ann. § 27-2711 (1), (7), (9). In May 1982 she was arrested for driving under the influence. A petition for revocation of probation was filed on the basis of this offense.

The arresting officer, who had been a police officer for 10 years, testified at the hearing on the revocation petition that when he came upon the appellant, she was seated in her vehicle, was glassy-eyed, rambled in her conversation, and emitted an odor of alcohol. The officer further testified that the vehicle was standing "crossways" in the highway, that one side of it bore fresh scratches and mud, and that a nearby mailbox was dented and scratched as if it had recently been struck by a large moving object. The court ordered the probation revoked on the basis of this evidence. *Held:*

1. Appellant contends that the court erred in utilizing the "slight evidence" standard as the basis for revoking her probation. It is well settled that the quantum of evidence required to justify revocation of probation is considerably less than that required for a conviction. *Johnson v. State,* 240 Ga. 526 (242 SE2d 53), cert. denied, 439 U. S. 881 (1978). The evidence need not establish the violation beyond a reasonable doubt but need only "reasonably satisfy" the court that the probationer's conduct has fallen short of the requirements of the probation. *Evans v. State,* 153 Ga. App. 764 (266 SE2d 545) (1980). Although scientific evidence such as laboratory analysis or toximeter results may of course be used to prove that a condition of probation has been violated, the trained observations of an experienced police officer may also be sufficient, without corroboration by scientific tests. *Pickard v. State,* 152 Ga. App. 707 (263 SE2d 679) (1979); *Weir v. State,* 145 Ga. App. 618 (244 SE2d 123) (1978).

Appellant's reliance on *Ware v. State,* 137 Ga. App. 673 (224 SE2d 873) (1976), to support her contentions that the arresting officer's testimony was insufficient is misplaced. In *Ware,* there was abundant affirmative evidence, including a .02 toximeter reading, to counter the police officers' testimony that the defendant was "glassy-eyed" and was weaving down the road, and there was also other evidence tending to refute the allegation that she was intoxicated. In the instant case, there is no such evidence. Additionally, there was testimony that appellant three times declined to complete a toximeter test.

2. Appellant contends that she was denied due process because an assistant district attorney, rather than her probation officer, filed the revocation petition with the court. This contention is also without merit. The probation officer testified at the hearing that it was he who had brought the petition. The role of the assistant district attorney was simply that of legal representative for the state, and we do not find that his participation was in any way improper. The hearing was in full compliance with the standards set forth in relevant statutory and case law. See Ga. Code Ann. § 27-2713; *Young v. State,* 153 Ga. App. 454 (265 SE2d 362) (1980); *Wilson v. State,* 152 Ga. App. 695 (263 SE2d 691) (1979); *Ware v. State,* supra.

*Judgment affirmed. McMurray, P. J., and Birdsong, J., concur.*

Decided November 12, 1982.

*Arthur B. Edge IV,* for appellant.
*Arthur E. Mallory III, District Attorney, James M. Garcia,*

*Assistant District Attorney,* for appellee.