A95A0639. SPRUELL v. THE STATE.
(456 SE2d 740)

BLACKBURN, Judge.

Benjamin Allan Spruell appeals his conviction of operating a motor vehicle after being declared a habitual violator under OCGA § 40-5-58 (c) (1).

In his sole enumeration of error, Spruell contends the trial court erred in denying his motion for directed verdict in that a fatal variance existed between the allegation in the indictment and the evidence adduced at trial. The indictment charged, in pertinent part, that Spruell "did unlawfully operate a motor vehicle after [he] had received notice that his driver's license had been revoked under the provisions of Section 40-5-58 of the Driver's Licensing Act, notice to [him] having been given June 20, 1989, in accordance with the said laws, and [he] thereafter had not obtained a valid driver's license."

1. Spruell argues that there was a fatal variance between the indictment and the proof at trial in that the State's evidence showed he had been issued a probationary license after being declared a habitual violator on October 7, 1988. We disagree.

Absent a variance between the pleadings and the proof resulting in a failure to give sufficient notice of the allegations against an accused or to foreclose the potential for another prosecution against the accused for the same offense, a variance is not fatal. *Glass v. State,* 199 Ga. App. 530, 531 (405 SE2d 522) (1991). Spruell was issued a probationary license after being declared a habitual violator; however, such license was revoked as a result of his third and fourth convictions for driving under the influence of alcohol more than a year before his commission of the present offense. Neither the revocation of Spruell's probationary license nor his habitual violator status had expired at the time of the subject incident. Spruell was thus without a valid driver's license at the time of the instant offense, and he was in

habitual violator status at such time.[1] *Cody v. State*, 170 Ga. App. 712, 713 (318 SE2d 503) (1984).

Accordingly, we conclude that no fatal variance between the indictment and the proof obtained as a result.

2. Spruell also argues that the indictment's failure to plead all known convictions for driving under the influence of alcohol against him when charged resulted in a fatal variance in that it left him unprotected from potential prosecution under OCGA § 40-5-58 (c) (2) for felony impaired driving.

Material to a violation of OCGA § 40-5-58 (c) (2) is a Department of Public Safety declaration of habitual violator status upon three or more convictions for driving under the influence of alcohol. See OCGA § 40-5-58 (b), (c) (2); see also OCGA §§ 16-1-7; 16-1-8 and *Teal v. State*, 203 Ga. App. 440, 442 (417 SE2d 666) (1992) ("The procedural aspect of the double jeopardy rule prohibits multiple prosecutions arising from the same conduct. [Cits.]"). At the time of trial, Spruell had not been declared a habitual violator on the basis of more than two convictions for driving under the influence of alcohol, this despite the fact that two additional convictions were then known. Nothing in the record indicates that he has been since. As a consequence, the indictment's failure to plead all known convictions for driving under the influence of alcohol did not result in error for fatal variance. Rather, it properly pled the instant violation of OCGA § 40-5-58 (c) (1), giving Spruell due notice of that which he was to defend against and protecting him from again being tried thereon, the proper measure of his entitlement. *Glass*, supra.

There being no fatal variance in the case at bar, the trial court properly denied appellant's motion for directed verdict. "[A] motion for directed verdict in a criminal trial should only be granted where there is no conflict in the evidence and the evidence demands a verdict of acquittal as a matter of law. [Cit.]" *Taylor v. State*, 252 Ga. 125, 127 (1) (312 SE2d 311) (1984).

*Judgment affirmed. McMurray, P. J., and Andrews, J., concur.*

DECIDED MARCH 30, 1995.

*Spruell & Dubuc, Brian M. Dubuc*, for appellant.

*Lewis R. Slaton, District Attorney, Joseph F. Burford, Carl P. Greenberg, Juliette O. Scales, Assistant District Attorneys*, for appellee.

---

[1] Spruell's habitual violator's status would have expired on October 7, 1993, nearly six months after his commission of the instant offense.