A97A0692. JACOWAY v. THE STATE.
(484 SE2d 757)

RUFFIN, Judge.

Sherell Tawanna Jacoway appeals her probation revocation. In her sole enumeration of error, Jacoway contends the trial court erred in revoking her probation based on evidence that she violated the terms of her probation on a different date than that alleged in the revocation petitions. We affirm.

The record shows that on May 1, 1996, Jacoway pled guilty to one count of false swearing and was sentenced to five years probation. Jacoway admits in her brief that she also pled guilty to three counts of first degree forgery and was sentenced to seven years probation. On August 13, 1996, the State filed a petition for revocation alleging that Jacoway "violated the terms and conditions of probation in the following particulars: *RULE #1*: Do not violate the criminal laws of any governmental unit. [Jacoway] committed the offenses of Arson, Burglary, Criminal Damage to Property, Theft by Deception and Interference With Government Property on/about July 19, 1996." The petition was amended on September 19, 1996, to (1) add allegations that Jacoway had committed the offenses of forgery and terroristic threats on or about July 19, 1996 and (2) delete the allegation of theft by deception committed on or about July 19, 1996.

The State does not dispute that during the revocation hearing its witnesses testified that the conduct attributed to Jacoway occurred on July 11, 1996, rather than July 19, 1996. Jacoway asserts that the variance between the date alleged in the petition and the evidence actually presented is fatal to the State's case. The State argues that the variance is not fatal because (1) the date was not a material element, (2) Jacoway declined the trial judge's offer of a continuance, and (3) the testimony of Jacoway's alibi witness was based only on the day of the fire, not a specific calendar date. We agree.

"Absent a variance between the pleadings and the proof resulting in a failure to give sufficient notice of the allegations against an accused or to foreclose the potential for another prosecution against the accused for the same offense, a variance is not fatal. [Cit.]" *Spruell v. State*, 217 Ga. App. 150 (1) (456 SE2d 740) (1995). It is clear that the State was attempting to revoke Jacoway's probation based on a particular fire which occurred in July 1996, after Jacoway

was placed on probation. Jacoway was provided with sufficient notice that this fire was the reason for the petition to revoke her probation, and Jacoway could not have been prosecuted again for offenses relating to the same fire.

Furthermore, the trial judge informed Jacoway that she was entitled to a continuance if necessary to subpoena or gather any additional evidence with respect to an alleged alibi on July 11, as opposed to July 19. However, both the trial judge and Jacoway's attorney acknowledged that Jacoway's alibi witness was not relating the alibi to a particular date "but instead was recalling events based upon when he heard about the alleged fire and incident . . . and he related it to the events in his life and his life with Ms. Jacoway on or about the same time. . . ." Jacoway's counsel declined a continuance. Later in the proceedings, the trial judge again offered Jacoway a continuance, and Jacoway's counsel once again refused the offer.

"The [petition] contained 'on or about language,' which was sufficient to put [Jacoway] on notice that the exact date might vary from the date contained in the [petition]." *Raposa v. State*, 207 Ga. App. 106, 107 (427 SE2d 79) (1993). While the variance may have entitled Jacoway to a continuance (see id.), it is undisputed that Jacoway was offered a continuance by the trial judge on a number of occasions and declined the offer each time.

We conclude that the trial court did not err in revoking Jacoway's probation. Based on the trial transcript, it is clear that the variance in dates did not prevent Jacoway from presenting her alibi defense and witness, whose testimony did not focus on a specific date. It is also clear that Jacoway was offered a continuance on more than one occasion by the trial judge, yet declined the offer.

*Judgment affirmed. Birdsong, P. J., and Eldridge, J., concur.*

DECIDED MARCH 25, 1997.

*William F. Sparks*, for appellant.

*Stephen F. Lanier, District Attorney, Lisa W. Tarvin, Assistant District Attorney*, for appellee.