A00A2032. EDWARDS v. THE STATE.
(545 SE2d 143)

BARNES, Judge.

We granted Stanley Edwards' application for discretionary review of the trial court's order that revoked his uncommenced probated sentence. Edwards contends (1) that his probation should not have been revoked based upon a violation of OCGA § 16-10-97 because a probation officer is not an "officer in or of any court" protected by that Code section and (2) our Supreme Court's holding in *Parrish v. Ault*, 237 Ga. 401 (228 SE2d 808) (1976), precluded the trial judge from revoking his uncommenced probated sentence. We disagree and affirm.

On June 25, 1998, the Superior Court of Walton County sentenced Edwards to 24 months probation for misdemeanor obstruction of an officer and public drunkenness. On December 3, 1998, Edwards pled guilty to misdemeanor criminal trespass on February 27, 1998. On December 15, 1998, that same court sentenced Edwards to 12 months probation to run consecutively to the 24-month sentence. Because Edwards subsequently committed a technical violation of the terms of his first 24-month sentence, the same court modified it on January 13, 2000, and required him to spend the remaining portion of it in a probation detention center. Four days later, a probation

officer employed by Georgia Probation Management, Inc.[1] met with Edwards in the Walton County Jail to complete documents pertaining to his transfer to the detention center. During this meeting, Edwards became agitated as he questioned the probation officer about the reason he was being sent to the detention center. He blamed the probation officer for the revocation of his probation, threatened to "get" her, and refused to sign required paperwork, at which point she ended the meeting.

The probation officer prepared a probation revocation petition that alleged Edwards had violated the terms and conditions of probation by intimidating a court officer. The petition sought to modify or revoke Edwards' uncommenced second sentence of 12 months. This petition was not heard by the same Walton County Superior Court judge who imposed the sentence. This judge found that Edwards violated his probation and modified the sentence, ordering that Edwards serve four months of the sentence in the detention center followed by eight months in the diversion center. Edwards appeals.

1. Edwards contends the trial court erred in determining that a contract probation employee is an officer of the court within the meaning of OCGA § 16-10-97. This Code section provides:

> **Intimidation or injury of grand or petit juror or court officer.** A person who by threat or force or by any threatening letter or communication: (1) Endeavors to intimidate or impede any grand juror or petit juror or any officer in or of any court of this state or any court of any county or municipality of this state or any officer who may be serving at any proceeding in any such court while in the discharge of such juror's or officer's duties; (2) Injures any grand juror or petit juror in his person or property on account of any indictment or verdict assented to by him or on account of his being or having been such juror; or (3) Injures any officer in or of any court of this state or any court of any county or municipality of this state or any officer who may be serving at any proceeding in any such court in his person or property on account of the performance of his official duties shall, upon conviction thereof, be punished by a fine of not more than $5,000.00 or by imprisonment for not more than five years, or both.

The General Assembly did not define the phrase "officer in or of any court" for purposes of this Code section. As a threshold matter,

---

[1] Georgia Probation Management is a privately owned corporation that contracted with the Walton County Superior Court to supervise misdemeanor probationers.

we must determine whether this phrase is ambiguous. "[J]udicial construction is necessary only when a statute is ambiguous; in fact, when the language of a statute is plain and unequivocal, judicial construction is not only unnecessary but forbidden." *Fleming v. State*, 271 Ga. 587, 589 (523 SE2d 315) (1999). In this case, statutory construction is appropriate to determine the meaning of this phrase and we are guided by the following general rules:

> In all interpretations of statutes, the courts shall look diligently for the intention of the General Assembly, keeping in view at all times the old law, the evil, and the remedy. Grammatical errors shall not vitiate a law. A transposition of words and clauses may be resorted to when a sentence or clause is without meaning as it stands. In all interpretations of statutes, the ordinary signification shall be applied to all words, except words of art or words connected with a particular trade or subject matter, which shall have the signification attached to them by experts in such trade or with reference to such subject matter.

OCGA § 1-3-1 (a), (b).

Additionally, we must keep in mind that criminal statutes must be construed strictly against the State. *Bankston v. State*, 258 Ga. 188, 190 (367 SE2d 36) (1988).

OCGA § 42-8-20 et seq. creates a state-wide system of probation administered by the Department of Corrections. In this system, courts may stay or suspend a criminal sentence and place a defendant under the supervision and control of a probation supervisor for the duration of the probation. See OCGA § 42-8-34. Before determining whether a particular defendant is entitled to probation, a court can refer the case to a probation supervisor to investigate and make recommendations to the court about whether probation should be granted or denied. Id. See also OCGA § 42-8-29. Probation supervisors are "assigned among the respective judicial circuits based generally on the relative number of persons on probation in each circuit." OCGA § 42-8-28.

OCGA § 42-8-100 authorizes the chief judge of any court within a county to enter into written contracts with corporations, enterprises, or agencies to provide probation supervision, counseling, or collection services in misdemeanor cases. OCGA § 42-8-102 refers to the employees of these private companies as "private probation officers" and describes the professional standards that shall be met by these private probation officers.

Black's Law Dictionary (abridged 5th ed.) defines "officer" as a "person holding office of trust, command, or authority in corporation,

government, armed services, or other institution or organization." A probation officer, whether an employee of the State or of a private corporation, would qualify as an "officer in or of any court" under this definition. Probation officers occupy a position of trust, command, and authority within the judicial system. They conduct background investigations for the court, make recommendations about probation to the court, supervise the conduct of defendants during the period of probation for the court, and notify the court when the conditions of probation are either fulfilled or broken. Protecting probation officers from intimidation and injury also comports with the obvious legislative intent behind OCGA § 16-10-97: protecting the integrity of the judicial system by protecting those who occupy positions of trust, command, and authority within it.

The trial court did not err when it found that a private probation officer was an "officer in or of any court" under OCGA § 16-10-97.

2. Relying upon *Parrish v. Ault*, supra, 237 Ga. 401, Edwards contends the trial court was not authorized to revoke the uncommenced probated portion of a split sentence because (1) the split sentence was not imposed in one proceeding and (2) a different judge of the same court imposed the split sentence. Edwards reads too much into our Supreme Court's decision in *Parrish*. In *Parrish*, the Supreme Court held that a trial judge may revoke a probated sentence that is to begin at a future date and nothing more. Id. at 402. Since that is precisely what the trial court in this case did, we find no merit in this enumeration of error.

*Judgment affirmed. Blackburn, C. J., and Eldridge, J., concur.*

DECIDED FEBRUARY 6, 2001.

*Larry R. Pruden*, for appellant.
*Alan A. Cook, District Attorney, Jeffrey L. Foster, Assistant District Attorney*, for appellee.