## A01A0899. LEVERETTE v. THE STATE.
### (546 SE2d 63)

ELDRIDGE, Judge.

Eddie Leverette appeals from the Superior Court of Clayton County's revocation of his first offender probation on the offense of terroristic threats, which revocation was predicated upon Leverette's subsequent conviction for possession of cocaine. In his enumeration of error, Leverette contends that the revocation is void ab initio, since the petition for revocation was signed and submitted to the court by a probation officer (now "supervisor"[1]), which allegedly is the unauthorized practice of law under OCGA § 15-19-51. In considering this issue of first impression, we disagree and affirm the order of the trial court.

1. OCGA § 15-19-50 defines the acts that constitute the "practice of law" as follows:

> (1) Representing litigants in court and preparing pleadings and other papers incident to any action or special proceedings in any court or other judicial body; (2) Conveyancing; (3) The preparation of legal instruments of all kinds whereby a legal right is secured; (4) The rendering of opinions as to the validity or invalidity of titles to real or personal property; (5) The giving of any legal advice; and (6) Any action taken for others in any matter connected with the law.

At trial, Leverette maintained that "when a probation officer such as Elizabeth Holcomb in this case, it [petition] says in the name and on behalf of the State of Georgia, we assert that she is representing the State of Georgia by filling out this pleading and therefore practicing law without a license."

At the outset, it should be noted that the number of revocation petitions filed by probation officers in the State of Georgia are legion,

---

[1] OCGA § 42-8-26.

and such practice has been ongoing for a lengthy period of time.[2] If such petitions render the trial courts' subsequent orders of revocation void, as argued by Leverette, then all such previous revocations — without time limitation — are subject to attack, since "[t]he judgment of a court having no jurisdiction of the person or the subject matter or which is void for any other cause is a mere nullity and may be so held in any court when it becomes material to the interest of the parties to consider it."[3]

However, we need not open the floodgates of litigation because Leverette's argument ignores the fact that the probation officer is a public official employed by the State of Georgia and, in this instance, was assigned to handle Leverette's case.[4] As such, the probation officer was acting as a State agent in the preparation and filing of the petition for revocation of Leverette's probation. In that regard, OCGA § 15-19-52 states in pertinent part that "Nothing contained in this article shall prevent any corporation, voluntary association, or individual from doing any act or acts set out in Code Section 15-19-50 to which the persons are a party." In acting as an agent for the State of Georgia assigned to handle matters relating to Leverette's probation, Holcomb was a "party" to the action, as contemplated under the statute. As such, Holcomb's filing of a petition seeking a court hearing on the revocation of Leverette's probation does not entail the unauthorized practice of law, such as when a layman represents another, unrelated "person" in a legal capacity.[5] Thus, contrary to Leverette's contention, Holcomb was authorized to act on behalf of the State of Georgia in filling out the revocation petition.

In so holding, we are not unmindful of the Supreme Court of Georgia's admonition in *Eckles v. Atlanta Technology Group*,[6] that

> Ga. L. 1931, p. 191, as amended, which includes provisions such as OCGA § 15-19-52, no longer controls the practice of law in Georgia. When a legislative enactment relating to admission to the practice of law conflicts with rules for admission adopted or approved by the judiciary, the legislative enactment must give way.[7]

---

[2] See, e.g., *Roberts v. Lowry*, 160 Ga. 494, 495 (128 SE 746) (1925); *Smith v. State*, 164 Ga. App. 384, 385 (2) (297 SE2d 738) (1982); *Kitchens v. State*, 234 Ga. App. 785 (508 SE2d 176) (1998).

[3] OCGA § 9-12-16.

[4] See Op. Atty. Gen. No. 68-461 (1968); see also *Christensen v. State*, 219 Ga. App. 10, 13 (464 SE2d 14) (1995) (probation officers enjoy qualified immunity arising from performance of official governmental functions).

[5] See *Huber v. State*, 234 Ga. 357 (216 SE2d 73) (1975).

[6] 267 Ga. 801 (485 SE2d 22) (1997).

[7] (Punctuation omitted.) Id. at 804.

However, OCGA § 15-19-52 is still "valid legislation,"[8] and the Supreme Court of Georgia made it clear that reliance on statutory authority "must give way" only when "decisions and orders of this [Supreme] Court" conflict with such authority.[9] Our efforts reveal no such conflict in this area of first impression. To the contrary, the Supreme Court's holding in *Eckles* is limited to proscribe only "a layman's legal representation in a court of record of another 'person' in the form of a separate corporate entity,"[10] and the reasoning behind the holding in *Eckles* does not impact on a State agent's authority to petition the court on behalf of the State with regard to a matter within the scope of his or her employment.

2. Before this Court, Leverette also argues that the probation officer's act of petitioning the trial court for revocation of Leverette's probation exceeded the scope of her employment. This issue was not raised in the court below and as such is waived.[11] However, pretermitting this fact, we have no problem concluding that filing with the court a petition for revocation of probation and the reasons why such action should be taken come within the contemplated scope of a probation officer's duty to "make recommendations to the Court" per Department of Corrections Rule 125-1-2.12 (a) (1) and OCGA § 42-8-29.

*Judgment affirmed. Andrews, P. J., and Miller, J., concur.*

DECIDED FEBRUARY 27, 2001 — 

*Patterson & Patterson, Jackie G. Patterson, Yasma Patterson*, for appellant.

*Robert E. Keller, District Attorney, Kathryn O. Pulliam, Assistant District Attorney*, for appellee.

---

[8] *Huber v. State*, supra at 360.

[9] *Eckles v. Atlanta Technology Group*, supra at 804.

[10] Id. at 806.

[11] *Kight v. State*, 242 Ga. App. 13, 18 (528 SE2d 542) (2000) (a reason urged by enumeration of error on appeal which is different from that urged below will not be considered for the first time on appeal).