A01A2337. HUZZIE v. THE STATE.
(558 SE2d 767)

RUFFIN, Judge.

Latoya Huzzie pled nolo contendere to shoplifting and was sentenced to 12 months probation. When Huzzie violated the terms of her probation, her probation officer, Jacqueline Barnes, filed a petition for revocation of probation. Huzzie moved to dismiss the petition, asserting that it was null and void. According to Huzzie, Barnes — an employee of a private corporation — was engaging in the unauthorized practice of law and, thus, exceeded the scope of her employment in filing the revocation petition. The trial court denied Huzzie's motion to dismiss, and she appealed. For reasons that follow, we affirm.

In *Leverette v. State*,[1] we recently addressed whether a probation officer who filed a petition seeking revocation or modification of probation was engaged in the unauthorized practice of law. We found the

---

officer was not. We noted that a "probation officer is a public official employed by the State of Georgia. . . . As such, [a] probation officer [acts] as a State agent in the preparation and filing of [a] petition for revocation of . . . probation."[2] Because a probation officer is charged with handling matters relating to probation, we concluded that such officer is essentially a party to the case and, thus, may file petitions in court relating to that case without violating the prohibition against the unauthorized practice of law.[3]

Unlike in *Leverette*, the probation officer here is not a State employee. Rather, Barnes is employed by B. I., Inc., a private company retained by the county to provide probation services in misdemeanor cases. Huzzie argues that, under the reasoning in *Leverette*, an employee of a private corporation such as Barnes cannot file probation revocation petitions because, in doing so, she would be representing the corporation, which our Supreme Court has ruled constitutes the unauthorized practice of law.[4] We disagree.

Under OCGA § 42-8-100 (f) (1), the chief judge of any court within the county is authorized "to enter into written contracts with corporations, enterprises, or agencies to provide probation supervision, counseling, or collection services in misdemeanor cases."[5] Once such contract has been entered, any probation officer — whether paid by the State or by a private corporation — is an officer of the court.[6] As an officer of the court, the probation officer's primary duty is to represent the interest of justice, not the interests of his or her employer. Accordingly, *Leverette* still controls, notwithstanding the fact that Barnes was technically employed by a corporation, rather than the State.

Even if *Leverette* did not control, there is another basis for rejecting Huzzie's claim — Barnes was not practicing law. As this Court has recognized,

[a] person occupies a special status while on probation, during which time [her] private life and behavior may be regulated by the State to an extent that would be completely untenable under ordinary circumstances. The rationale for this power is basically, of course, that the person has been convicted of a crime and would be serving a sentence but for the grace of the court. [She] is a prima facie risk to society.[7]

---

[2] Id. at 305 (1).

[3] See id.

[4] See *Eckles v. Atlanta Technology Group*, 267 Ga. 801, 803-806 (2) (485 SE2d 22) (1997).

[5] *Edwards v. State*, 247 Ga. App. 835, 837 (1) (545 SE2d 143) (2001).

[6] See id. at 838.

[7] (Punctuation omitted.) *Staley v. State*, 233 Ga. App. 597, 599 (505 SE2d 491) (1998).

To lessen the risk to society, the law provides for the sentencing court's continued jurisdiction over probationers.[8] And, in maintaining such continued jurisdiction, the sentencing court is aided by probation officers, who serve "as an investigative and supervisory arm of the court"[9] by actually monitoring probationers and providing required reports.[10]

Thus, in filing a petition for probation revocation, Barnes was not instituting an action, which would constitute the practice of law.[11] Rather, she was providing a report to the sentencing court, which already had jurisdiction over Huzzie by virtue of her criminal conviction. In so doing, Barnes neither held herself out as an attorney, nor furnished legal advice, nor undertook any other action that constitutes the unauthorized practice of law.[12] Indeed, we are not the first Court to reach this conclusion.[13] It follows that this claim of error presents no basis for reversal.

*Judgment affirmed. Johnson, P. J., and Ellington, J., concur.*

DECIDED JANUARY 10, 2002.

*Patterson & Patterson, Jackie G. Patterson*, for appellant.
*L. Jack Kirby, Solicitor-General, Julianne W. Holliday, Assistant Solicitor-General*, for appellee.

---

[8] See OCGA § 42-8-34 (g) ("The sentencing judge shall retain jurisdiction over any person placed on probation.").

[9] (Punctuation omitted.) *United States v. Davis*, 151 F3d 1304, 1306 (1) (10th Cir. 1998).

[10] See OCGA § 42-8-29.

[11] See OCGA § 15-19-50 (1) (defining the practice of law as "[r]epresenting litigants in court and preparing pleadings and other papers incident to any action or special proceedings in any court").

[12] See OCGA § 15-19-51 (defining what constitutes the unauthorized practice of law).

[13] See *Davis*, supra; *United States v. Bermudez-Plaza*, 221 F3d 231, 235 (1st Cir. 2000); *United States v. Mejia-Sanchez*, 172 F3d 1172 (9th Cir. 1999).