S04A1590, S04A1591. WOLCOTT v. THE STATE (two cases).
(604 SE2d 478)

CARLEY, Justice.

In January of 2000, Frank Wolcott pled guilty to charges of terroristic threats and criminal trespass set forth in one indictment, and to a count of burglary alleged in another. For each of the three crimes, he received first offender treatment and a probated sentence. Later that same year, the State initiated probation revocation proceedings against him as to both cases. Acting pro se, Wolcott entered into consent orders, whereby he admitted his alleged violation, and agreed to a four-month revocation of his probation to be followed by another probationary period. In September of 2003, the State again filed revocation petitions as to the two cases, alleging Wolcott's recent commission of the offense of aggravated assault in DeKalb County. At the conclusion of the final revocation hearing, the trial court revoked probation in both of the underlying criminal cases. Wolcott sought permission to file a discretionary appeal. We granted the application because, among the other issues raised, there was a challenge to the constitutionality of OCGA § 42-8-29.

1. The probation revocation petitions were filed by Valerie Clark, in her capacity as Wolcott's probation supervisor. Although Ms. Clark is not a licensed attorney, she was exercising the authority conferred on her by OCGA § 42-8-29. Under that statute, she acted

> as a State agent in the preparation and filing of the petition[s] for revocation of [his] probation. . . . In acting as an agent for the State of Georgia assigned to handle matters relating to [Wolcott's] probation, [Ms. Clark] was a "party" to the action, as contemplated under [OCGA § 15-19-52]. As such, [her] filing of [the] petition[s] seeking a court hearing on the revocation of [Wolcott's] probation does not entail the unauthorized practice of law, such as when a layman represents another, unrelated "person" in a legal capacity. [Cit.] Thus, . . . [Ms. Clark] was authorized to act on behalf of the State of Georgia in filling out the revocation petition[s].

*Leverette v. State*, 248 Ga. App. 304, 305 (1) (546 SE2d 63) (2001). The statutory grant to probation supervisors of the authority to file revocation petitions does not conflict with *Eckles v. Atlanta Technology Group*, 267 Ga. 801, 806 (485 SE2d 22) (1997), since we expressly recognized that our holding in that case was limited to "[a] layman's legal representation in a court of record of another 'person' in the form of a separate corporate entity . . . ." Thus, "the reasoning behind the holding in *Eckles* does not impact on a State agent's authority to petition the court on behalf of the State with regard to a matter within the scope of his or her employment." *Leverette v. State*, supra at 306 (1). Ms. Clark "is an officer of the court. [Cit.] As an officer of the court, [a] probation [supervisor's] primary duty is to represent the interest of justice, not the interests of his or her employer." *Huzzie v. State*, 253 Ga. App. 225, 226 (558 SE2d 767) (2002).

Wolcott urges that Ms. Clark's filing of the petitions was nevertheless unauthorized because OCGA § 42-8-29 violates the constitutional principle of separation of powers. He argues that, since the statute permits Ms. Clark to act in a dual capacity as an agent for the State and as an officer of the court when she filed the petitions, the statute is an unconstitutional grant of authority to serve in both the executive and judicial branches of government. Art. I, Sec. II, Par. III of the Georgia Constitution of 1983 does provide that "no person discharging the duties of one [of the three branches of government] shall at the same time exercise the functions of either of the others . . . ." However, "separation of powers is not a rigid principle." *Greer v. State of Ga.*, 233 Ga. 667, 668 (1) (212 SE2d 836) (1975). "[T]here are some matters which do not inherently and essentially appertain to

one department of government rather than to another." *Southern R. Co. v. Melton*, 133 Ga. 277, 282 (65 SE 665) (1909). "The separation of powers principle is sufficiently flexible to permit practical arrangements in a complex government . . . ." *Greer v. State of Ga.*, supra at 669 (1).

As a probation supervisor, Ms. Clark is an immediate employee of the Department of Corrections, which is a department in the executive branch of this state's government. See OCGA § 42-2-1 et seq. See also *Stephens v. State*, 207 Ga. App. 645, 647 (2) (428 SE2d 661) (1993) (State Board of Pardons and Paroles). The purpose of that department is "the supervision of felony probationers." OCGA § 42-8-23. On the other hand, the judiciary has "the power and jurisdiction to adjudicate any and all justiciable questions presented to it in litigation. . . ." *Thompson v. Talmadge*, 201 Ga. 867, 871 (1) (41 SE2d 883) (1947). Neither OCGA § 42-8-29 nor any other statute authorizes a probation supervisor to perform that judicial function. The trial court alone exercises the power and jurisdiction to determine whether a probationer violated the terms of his sentence so that probation should be revoked. Under OCGA § 42-8-29, Ms. Clark's duty in supervising Wolcott extended only to making her "findings and report thereon in writing to the court with [her] recommendation." By filing the revocation petitions, she did not initiate any new criminal action in the trial court against him. The petitions were only her written report and recommendation, which invoked the continuing jurisdiction that the trial court already exercised over Wolcott pursuant to OCGA § 42-8-34 (g).

> [I]n maintaining such continued jurisdiction, the sentencing court is aided by probation[ary] officers, who serve "as an investigative and supervisory arm of the court" [cit.] by actually monitoring probationers and providing required reports. [Cit.]

*Huzzie v. State*, supra at 227. Thus, not unlike a district attorney, Ms. Clark works for the executive branch of state government and is charged with providing the trial court with information relevant to pending criminal proceedings over which the court alone exercises judicial authority. See *In re Pending Cases, Augusta Judicial Circuit*, 234 Ga. 264, 266 (215 SE2d 473) (1975). Accordingly, by authorizing a probation supervisor to file a revocation petition, OCGA § 42-8-29 does not violate the constitutional principle of separation of powers. See also *United States v. Bermudez-Plaza*, 221 F3d 231, 234 (II) (B) (2) (1st Cir. 2000); *United States v. Mejia-Sanchez*, 172 F3d 1172, 1175 (II) (B) (9th Cir. 1999).

2. "Due process requires that a defendant be given written notice of the claimed violation of his probation prior to the revocation hearing. [Cit.]" *Collins v. State*, 151 Ga. App. 116, 117 (2) (258 SE2d 769) (1979). Here, the petitions filed by Ms. Clark did not charge Wolcott generally with a violation of unspecified rules or laws. Compare *Collins v. State*, supra at 117 (2) ("broad allegation that the defendant violated 'the rules at the Athens Diversion Center,' without any specification of which rules were violated. . . ."). Instead, the petitions alleged that he committed the specific offense of aggravated assault on or about September 2, 2003 in DeKalb County. Thus, they set forth the crime, the approximate date and the particular venue. Based upon these allegations, "[i]n neither case could [Wolcott] reasonably argue that he was not aware of the specific grounds upon which the revocation was based or that he could not adequately prepare his defense. [Cit.]" *Wilson v. State*, 152 Ga. App. 695, 697 (2) (263 SE2d 691) (1979). Therefore, the petitions were sufficient to comply with due process requirements. *Hayes v. State*, 168 Ga. App. 94 (1) (308 SE2d 227) (1983); *Edge v. State*, 164 Ga. App. 52 (1) (296 SE2d 368) (1982); *Hubbard v. State*, 139 Ga. App. 336 (1) (228 SE2d 362) (1976).

Moreover, "[t]he inadequacy of a petition is not necessarily a basis for setting aside a revocation where the factual grounds are established at the hearing. [Cit.]" *Oliver v. State*, 169 Ga. App. 716, 717 (3) (314 SE2d 722) (1984). In accordance with OCGA § 42-8-34.1 (b), the proof offered by the State at the revocation hearing was sufficient to authorize the trial court to find by a preponderance of the evidence that Wolcott committed the offense of aggravated assault in DeKalb County in early August 2003. The one-month variance between the date alleged in the petitions and that proved at the hearing is not fatal. " 'The (petition[s]) contained "on or about language," which was sufficient to put [Wolcott] on notice that the exact date might vary from the date contained in the (petition[s]).' [Cit.]" *Jacoway v. State*, 225 Ga. App. 712, 713 (484 SE2d 757) (1997). See also *Lockett v. State*, 143 Ga. App. 629, 630 (5) (239 SE2d 238) (1977).

3. Pursuant to OCGA § 42-8-38 (b), the trial court conducted a commitment hearing and determined that probable cause existed. At the subsequent revocation hearing, the trial court indicated that it would consider testimony given by some of the State's witnesses at the preliminary hearing. Wolcott urges that this was error.

Under OCGA § 24-3-10, testimony given at a commitment hearing may be admissible at a subsequent proceeding if the witness has since died, is disqualified or has become inaccessible for any cause. Here, however, no such showing was made so as to render the previous testimony admissible. In overruling Wolcott's objection, the trial court merely observed that, at the end of the preliminary

hearing, it had stated that there would be no need for the State to call the witnesses to testify at the future revocation hearing. However, a trial court does not have the authority to waive the applicability of the rules of evidence, and "in this jurisdiction hearsay evidence is inadmissible in a probation revocation proceeding. [Cits.]" *Barnett v. State*, 194 Ga. App. 892, 893 (392 SE2d 322) (1990). Therefore, the trial court erred in considering the prior testimony of witnesses who were not shown to be dead, disqualified or otherwise inaccessible. See *Elders v. State*, 149 Ga. App. 139, 141 (2) (253 SE2d 817) (1979). Compare *Rini v. State*, 236 Ga. 715 (1) (a) (225 SE2d 234) (1976).

Nevertheless, a review of the transcript of the revocation hearing shows that any inadmissible hearsay was merely cumulative of the admissible probative testimony which was sufficient to show by a preponderance of the evidence that Wolcott committed the offense of aggravated assault as alleged in the revocation petitions. Under these circumstances, the trial court's erroneous evidentiary ruling was clearly harmless. *Bennett v. State*, 231 Ga. 458, 461 (1) (202 SE2d 99) (1973), overruled on other grounds, *Howard v. State*, 237 Ga. 471, 474 (228 SE2d 860) (1976); *Crowder v. State*, 237 Ga. 141, 153-154 (227 SE2d 230) (1976).

4. Wolcott contends that the trial court erroneously gave consideration to the consent orders entered in connection with his previous probation revocations, because he was not represented by counsel in those prior proceedings.

A guilty plea obtained in violation of a defendant's Sixth Amendment right to counsel cannot be used "either to support guilt or enhance punishment for another offense . . . ." *Burgett v. Texas*, 389 U. S. 109, 115 (88 SC 258, 19 LE2d 319) (1967). However, that constitutional right does not apply in revocation proceedings. *Vaughn v. Rutledge*, 265 Ga. 773, 774 (1) (462 SE2d 132) (1995). Thus, the fact that Wolcott was not represented by an attorney in the prior revocation proceedings does not affect the admissibility of the orders entered therein. Therefore, the trial court did not err in considering evidence of the previous revocation of Wolcott's probationary status.

*Judgments affirmed. All the Justices concur.*

DECIDED OCTOBER 25, 2004 —
RECONSIDERATION DENIED NOVEMBER 22, 2004.

*Banks, Stubbs, Neville & Cunat, Rafe Banks III*, for appellant.
*Philip C. Smith, District Attorney, Penny A. Penn, Carlton T. Hayes, Thomas D. Lyles, Assistant District Attorneys*, for appellee.