THE STATE OF SOUTH CAROLINA

THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS 
 PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
The State, Respondent,
v.
Danny L. Floyd, Appellant.
 
 
 

Appeal From York County
John C. Hayes, III, Circuit Court Judge

Unpublished Opinion No. 2007-UP-155
Submitted April 2, 2007  Filed April 4, 2007

AFFIRMED

 
 
 
Chief Attorney Joseph L. Savitz, III, of Appellate Defense, of Columbia, for Appellant.
J. Benjamin Aplin, of Department of Probation, Parole and Pardon, of Columbia, for Respondent.
 
 
 

PER CURIAM:  Danny Leland Floyd appeals the revocation of his probation.  He argues the proceeding against him was invalid because the probation agent who presented the states case at his probation revocation hearing was not an attorney and therefore engaged in the unauthorized practice of law.  We affirm.[1]
FACTUAL/PROCEDURAL BACKGROUND
On March 13, 2003 a grand jury indicted Danny Leland Floyd for receiving stolen goods and possession of crack cocaine.  Additionally, he was charged with possession of the Schedule IV drug Clonazepam, possession of the Schedule IV drug Xanax, and possession of marijuana.  On May 22, 2003 Floyd waived presentment to the grand jury on the Schedule IV drug and marijuana charges, pled guilty as charged, and was sentenced as follows: five years imprisonment suspended upon the service of three years imprisonment and three years probation for possession of crack cocaine2nd offence; five years consecutive imprisonment suspended upon the service of three years probation for receiving stolen goods over $1,000; one year concurrent imprisonment for possession of Schedule IV drug (Clonazepam)3rd offense; one year concurrent imprisonment for possession of Schedule IV drug (Xanax)3rd offense; one year concurrent imprisonment for possession of marijuana3rd offense.
On November 1, 2004, Floyd satisfied his three year term of incarceration and began serving probation.  Four months later, on March 2, 2005, he was charged with violating the conditions of his probation in the following respects:

Fail to follow the advice and instructions of probation agent; Fail to report to probation office as directed, last reported on 11/16/04; Fail to refrain from the use of controlled substances by admitting on 11/16/04 to smoking marijuana laced with crack cocaine; fail to attend Narcotics Anonymous weekly as directed by agent; Fail to pay court ordered restitution, being in arrears $190.00 at time of warrant, Fail to pay court ordered surcharges; Fail to pay supervision fee, being in arrears $160.00 at the time of warrant.  Such actions constitute the violation of sections 1, 3, 7, 9, 10, 11 and Special Conditions.  

Floyds probation agent, Wolfgang Rivas, issued and served a probation violation warrant in April 2005.  On August 29, 2005, Floyd appeared at his probation violation hearing, where he was represented by counsel.  Agent Rivas presented Floyds violations on behalf of the State.  Floyd conceded that he had violated the conditions of his probation.  The judge revoked his probation and ordered Floyd to serve the remainder of his five year prison sentence.
STANDARD OF REVIEW
An appellate court will not disturb the circuit courts decision to revoke probation unless the decision was influenced by an error of law, was without evidentiary support, or constituted an abuse of discretion.  State v. Archie, 322 S.C. 135, 470 S.E.2d 380 (Ct. App. 1996); see also State v. White, 218 S.C. 130, 135, 61 S.E.2d 754 (1950) (stating that in reviewing the revocation of probation, the question is not one of formal procedure respecting either notice, specifications of charges or trial thereon, but is simply whether the trial court abused its discretion; review therefore must be determined in accordance with the principles governing exercise of judicial discretion).  The decision to revoke probation is addressed to the discretion of the circuit judge.  State v. Lee, 350 S.C. 125, 129, 564 S.E.2d 372, 374 (Ct. App. 2002); accord White, 218 S.C. at 134-35, 61 S.E.2d at 756; State v. Proctor, 345 S.C. 299, 546 S.E.2d 673 (Ct. App. 2001); State v. Hamilton, 333 S.C. 642, 511 S.E.2d 94 (Ct. App. 1999).  A reviewing court will only reverse this determination when it is based on an error of law or a lack of supporting evidence renders it arbitrary or capricious.  Lee, 350 S.C. at 129, 564 S.E.2d at 374; accord Proctor, 345 S.C. at 301, 546 S.E.2d at 674.  Our Supreme Court has instructed that the circuit court has expansive discretionary authority in dealing with guilty persons who are in a probationary status.  Shannon v. Young, 272 S.C. 61, 248 S.E.2d 914 (1978).
ISSUE
Does the filing of a petition to revoke probation and the presentation of the States case by a probation agent (a non-lawyer) in a probation violation hearing constitute the unauthorized practice of law?  
LAW/ANALYSIS
Floyd contends the circuit court erred by permitting a non-lawyer probation agent to present the States case for revoking his probation because this appearance constitutes the unauthorized practice of law.  We disagree.
Initially, we note this argument may not be preserved for appellate review, as it was neither raised before nor ruled upon by the probation revocation judge.  See State v. Hamilton, 333 S.C. 642, 648, 511 S.E.2d 94, 96 (Ct. App. 1999) (in order to be preserved for review, a challenge to the validity of a probation revocation must be raised to and ruled upon by the revocation judge).  At the probation revocation hearing, Floyd never challenged the propriety of the probation agent presenting the violations on behalf of the State and never complained that the agent was not a licensed attorney.  Instead, he simply admitted the charged probation violations and attempted to convince the court not to revoke his probation.  
Because of the multitudinous probation revocation hearings held in South Carolina on a daily basis, the issue posited by this appeal is germane and felicitous to the functional operation of the judicial system.  Adverting to the merits of the case, we address Floyds argument.
The South Carolina Constitution authorizes our Supreme Court to regulate the practice of law in this state.  S.C. Const. art. V, § 4; see also S.C. Code Ann. § 40-5-10 (2001).  The Court has consistently refrained from adopting a specific rule to define the practice of law.  See In re Unauthorized Practice of Law Rules, 309 S.C. 304, 305, 422 S.E.2d 123, 124 (1992) (stating it is neither practicable nor wise to formulate a comprehensive definition of what the practice of law is). Instead, the definition of what constitutes the practice of law turns on the facts of each individual case.  Id.  The generally understood definition of the practice of law embraces the preparation of pleadings, and other papers incident to actions and special proceedings, and the management of such actions and proceedings on behalf of clients before judges and courts.   State v. Despain, 319 S.C. 317, 319, 460 S.E.2d 576, 577 (1995) (quoting In re Duncan, 83 S.C. 186, 189, 65 S.E. 210, 211 (1909)).  Nonetheless, the practice of law is not confined to litigation, but extends to activities in other fields which entail specialized legal knowledge and ability.  State v. Buyers Service Co., Inc., 292 S.C. 426, 430, 357 S.E.2d 15, 17 (1987). 
The duties and powers of probation agents are set forth in the South Carolina Code:

A probation agent must investigate all cases referred to him for investigation by the judges or director and report in writing. . . . He must keep informed concerning the conduct and condition of each person on probation, parole, or community supervision under his supervision by visiting, requiring reports, and in other ways, and must report in writing as often as the court or director may require. . . . A probation agent must keep detailed records of his work, make reports in writing, and perform other duties as the director may require. . . . In the performance of his duties of probation, parole, community supervision, and investigation, he is regarded as the official representative of the court, the department and the board.

S.C. Code Ann. § 24-21-280 (2007).  
During the period of probation, the court or the probation agent may issue or cause the issuing of a warrant and cause the defendant to be arrested for violating any of the conditions of probation or suspension of sentence.  S.C. Code Ann. § 24-21-450 (2007).  The probation agent must report the arrest to the court and submit in writing a report showing in what manner the probationer has violated his probation.  Id.  After the arrest, the court is required to bring the defendant before it to determine whether a violation occurred and if so, whether to revoke probation and require the defendant to serve all or a portion of the suspended sentence.  S.C. Code Ann. Ann § 24-21-460 (2007).  
In Leverette v. State, 546 S.E.2d 63 (Ga. App. 2001), the Georgia Court of Appeals addressed a factual situation and argument analogous to the case sub judice.  In Leverette, the petitioners probation was revoked for possession of cocaine.  In this case, the petition for revocation was signed and submitted to the court by a probation officer, a non-lawyer.  The defendant appealed, alleging the probation officer had participated in the unauthorized practice of law and therefore his revocation of probation was void ab initio.  The court disagreed.
The Leverette court noted the probation officer was a public official employed by the State who was assigned to handle the defendants case:

[W]e need not open the floodgates of litigation because Leverettes argument ignores the fact that the probation officer is a public official employed by the State of Georgia and, in this instance, was assigned to handle Leverettes case.  As such, the probation officer was acting as a State agent in the preparation and filing of the petition for revocation of Leverettes probation.

Leverette at 64 (internal footnotes omitted).  Therefore, the probation officer was acting as an agent for the State of Georgia, was a party to the action, and was not engaging in the unauthorized practice of law.  

The court noted the magnitude of a decision to the contrary:
 
At the outset, it should be noted that the number of revocation petitions filed by probation officers in the State of Georgia are legion, and such practice has been ongoing for a lengthy period of time.  If such petitions render the trial courts subsequent orders of revocation void, as argued by Leverette, then all such previous revocations-without time limitation-are subject to attack, since [t]he judgment of a court having no jurisdiction of the person or the subject matter or which is void for any other cause is a mere nullity and may be so held in any court when it becomes material to the interest of the parties to consider it.
. . .
In acting as an agent for the State of Georgia assigned to handle matters relating to Leverettes probation, [the probation officer] was a party to the action, as contemplated under the statute.  As such, [probation officers] filing of a petition seeking a court hearing on the revocation of Leverettes probation does not entail the unauthorized practice of law, such as when a layman represents another, unrelated person in a legal capacity.  Thus, contrary to Leverettes contention, [the probation officer] was authorized to act on behalf of the State of Georgia in filling out the revocation petition.
 

Leverette at 64 (internal citations omitted).
The Georgia Court of Appeals upheld this decision in Strozier v. State, 546 S.E.2d 290 (Ga. App. 2001) and further expounded on the issue in Huzzie v. State, 558 S.E.2d 767 (Ga. App. 2002).  The cardinal difference between Huzzie and the previous two cases was that in Huzzie the probation officer was not a state employee, but was employed by a private corporation retained by the county to provide probation services in misdemeanor cases.  The defendant argued that an employee of a private company could not file probation revocation petitions because the non-attorney agent would be representing the corporation and not the State, thus engaging in the unauthorized practice of law.  
Summarizing their earlier holding in Leverette, the court professed, Because a probation officer is charged with handling matters relating to probation, we concluded that such officer is essentially a party to the case and, thus, may file petitions in court relating to that case without violating the prohibition against the unauthorized practice of law.  Huzzie at 767 (internal citations omitted).  Reiteratively determining that the unauthorized practice had not occurred, the court stated:

Under [Georgia law], the chief judge of any court within the county is authorized to enter into written contracts with corporations, enterprises, or agencies to provide probation supervision, counseling, or collection services in misdemeanor cases.  Once such contract has been entered, any probation officer-whether paid by the State or by a private corporation-is an officer of the court.  As an officer of the court, the probation officers primary duty is to represent the interest of justice, not the interests of his or her employer. Accordingly, Leverette still controls, notwithstanding the fact that Barnes was technically employed by a corporation, rather than the State.

Huzzie at 768 (internal citations omitted).  
Recognizing the defendants appeal failed for other reasons, the court concluded:

[A] person occupies a special status while on probation, during which time her private life and behavior may be regulated by the State to an extent that would be completely untenable under ordinary circumstances.  The rationale for this power is basically, of course, that the person has been convicted of a crime and would be serving a sentence but for the grace of the court. She is a prima facie risk to society.
To lessen the risk to society, the law provides for the sentencing courts continued jurisdiction over probationers.  And, in maintaining such continued jurisdiction, the sentencing court is aided by probation officers, who serve as an investigative and supervisory arm of the court by actually monitoring probationers and providing required reports.
Thus, in filing a petition for probation revocation, Barnes was not instituting an action, which would constitute the practice of law.  Rather, she was providing a report to the sentencing court, which already had jurisdiction over Huzzie by virtue of her criminal conviction.  In so doing, Barnes neither held herself out as an attorney, nor furnished legal advice, nor undertook any other action that constitutes the unauthorized practice of law.  Indeed, we are not the first Court to reach this conclusion.  It follows that this claim of error presents no basis for reversal

Huzzie at 768-69 (internal citations and quotations omitted).  
The Georgia Supreme Court upheld these decisions from the Georgia Court of Appeals in Wolcott v. State, 604 S.E.2d 479 (Ga. 2004):

The probation revocation petitions were filed by Valerie Clark, in her capacity as Wolcotts probation supervisor. Although Ms. Clark is not a licensed attorney, she was exercising the authority conferred on her by OCGA § 42-8-29. Under that statute, she acted as a State agent in the preparation and filing of the petition[s] for revocation of [his] probation···· In acting as an agent for the State of Georgia assigned to handle matters relating to [Wolcotts] probation, [Ms. Clark] was a party to the action, as contemplated under [OCGA § 15-19-52]. As such, [her] filing of [the] petition[s] seeking a court hearing on the revocation of [Wolcotts] probation does not entail the unauthorized practice of law, such as when a layman represents another, unrelated person in a legal capacity. [Cit.] Thus, ··· [Ms. Clark] was authorized to act on behalf of the State of Georgia in filling out the revocation petition[s].  Leverette v. State, 248 Ga.App. 304, 305(1), 546 S.E.2d 63 (2001).

Wolcott at 480 (Ga. 2004).
In Noethtich v. State, 676 B.E.2d 1078 (Ind. App. 1997), the Indiana Court of Appeals found it did not constitute the unauthorized practice of law for a probation agent, a state-employee, to file a probation revocation petition.  The court asseverated:

As a part of its supervisory duties, the court appointed the probation officer who was directly responsible to the court and subject to its orders.  The trial court was a neutral and detached hearing body which functioned in a judicial capacity and did not take on the role of a prosecutor merely because its probation officer initiated revocation proceedings.  Under the circumstances, the probation officer took action on behalf of the trial court, which action allowed the trial court to enforce obedience to its lawful orders.  The probation officer did not render legal advice to a client and did not engage in the practice of law before the court.

Noethtich at 1083.
The Court of Appeals of Washington has addressed whether it was permissible for a district court commissioner to assign a probation officer the responsibility for setting the specific conditions of probation for a criminal defendant.  State v. Williams, 983 P.2d 687 (Wash. App. Div. 1, 1999).  Finding that the officer was not engaging in the unauthorized practice of law for undertaking this responsibility, the court stated, The probation officer was carrying out administrative tasks assigned by the court, not preparing legal instruments to secure legal rights for clients.  Id. at 693.
In Furtado v. Furtado, 402 N.E.2d 1024 (Mass. 1980), the Supreme Judicial Court of Massachusetts addressed if was proper for a probation officer to appear before a probate court for the purpose of prosecuting a contempt proceeding for nonsupport.  Finding that such was allowed, the court opined:

[W]e do not regard as improper a probation officers preparation and filing of a complaint for civil or criminal contempt, or both, pursuant to his statutory duties.  The Legislature has said that a probation officer of a Probate Court shall bring into court when necessary, by citation or otherwise, all persons who are delinquent in making payments ordered or decreed by the court.
. . . 
It would not be improper for a probation officer to appear in a Probate Court for the purpose of prosecuting a contempt proceeding for nonsupport.  Courts are the ultimate arbiters of who may practice law before them, but we give substantial deference to the views of the Legislature on such a subject.  The States interest in compliance with support orders is substantial and is particularly intense in a case such as this, where, as we were told at oral argument, the defendants child was receiving public assistance.  Police prosecutors, who normally are not members of the bar, customarily prosecute offenses, particularly minor offenses, in the District and Municipal Courts of the Commonwealth.  The Massachusetts Rules of Criminal Procedure expressly state that a police officer may be a prosecutor, as defined in Rule 2(b) (13), -- Mass. -- (1979).  Thus, certain criminal proceedings may be prosecuted by a person who is not a member of the bar.

Furtado at 1033-34 (internal citations, footnotes, and quotations omitted).
The South Carolina Supreme Court has held that police officers may prosecute traffic offenses in magistrates court and in municipal court without engaging in the unauthorized practice of law.  In re Unauthorized Practice of Law Rules Proposed by the South Carolina Bar, 309 S.C. 304, 422 S.E.2d 123 (1992).  The court first addressed this matter in State v. Messervy, 258 S.C. 110, 187 S.E.2d 524, (1972):

It has long been the practice in the magistrates courts of this State for the arresting patrolman to prosecute the cases which he has made. The procedure has been followed under a ruling of the attorney general since 1958.  Ideally, the States case would be presented by a prosecuting attorney, but unfortunately such is not practicable because of the large number of traffic court violations.
According to appellants brief the highway patrol made 236,000 arrests during 1970.

Messervy, 258 S.C. at 113, 187 S.E.2d at 525 (internal citations omitted).  The court recited from a New Hampshire Supreme Court decision permitting police officers to prosecute cases and found:

In New Hampshire, as in South Carolina, there was no statute prohibiting a police officer from prosecuting a case.  The practice in New Hampshire was approved under the common law.  We do likewise.
While such practice is not without its faults, neither is it without its safeguards.  The patrolmans conduct (same as an attorney) is subject to the scrutiny of the magistrate at all times, and if the patrolmans conduct of the case is not proper it is the duty of the magistrate to make appropriate rulings, and in an appropriate case, grant a new trial. 

Id.  
Finding permissible the practice of allowing supervisory officers to assist arresting officers in the prosecution of misdemeanor traffic violations in magistrates court, our Supreme Court has inculcated:

When the officers of the Highway Patrol present misdemeanor traffic violations in the magistrates courts, whether as the arresting officer or a supervisory officer assisting the arresting officer, they do so in their official capacities as law enforcement officers and employees of the State.  These officers do not hold themselves out to the public as attorneys, and their activity in the magistrates courts does not jeopardize the public by placing incompetent and unlearned individuals in the practice of law.  To the contrary, this activity renders an important service to the public by promoting the prompt and efficient administration of justice.
We can discern no purpose or policy consistent with Section 40-5-310 and Rule IV that would be served by enjoining the Highway Patrol from continuing this activity, and therefore hold the prosecution of misdemeanor traffic violations in the magistrates courts by either the arresting officer or a supervisory officer assisting the arresting officer does not constitute the unlawful practice of law in violation of Section 40-5-310 and Rule IV.

State ex rel. McLeod v. Seaborn, 270 S.C. 696, 698-699, 244 S.E.2d 317, 319 (1978) (internal citation omitted).
Summating these earlier cases, the court elucidated, Because of the impracticality of a prosecuting attorney presenting every traffic court violation, this court has permitted the practice of allowing an arresting officer to prosecute the case in magistrates court.  State v. Sossaman, 298 S.C. 72, 73, 378 S.E.2d 259, 260 (1989).
If a police officer can prosecute a traffic offense in magistrates and municipal court, a probation agent can certainly present a probation violation case at a probation revocation hearing without engaging in the unauthorized practice of law.  By comparison, a probation revocation proceeding does not even rise to the level of a prosecution, instead being considered a more informal proceeding with respect to notice and proof of the alleged violation.  State v. Franks, 276 S.C. 636 281 S.E.2d 227 (1981).  Due to the copious number of probation revocation hearings held in this state every year, efficiency and practicality require that non-lawyer probation officers be empowered to present at these proceedings on behalf of the State.
It is standard practice in South Carolina for a probation agent to appear in court and present the allegations contained in the written violation report described in S.C. Code § 24-21-450.  The probation agent can then answer any questions from the court and the defense attorney regarding the violations contained in the report.  Furthermore, the probation agents preparation of a violation report and submission of this report to the court are specifically required by statute.  The probation agent is deemed by statute to be the official representative of the court.  Any appearance by the agent in court to present and explain the charged violations does not constitute the unauthorized practice of law.  
This issue has been recently decided with certitude by the South Carolina Supreme Court in State v. Barlow.  Op. No. 26294 (S.C. Sup. Ct. filed Mar. 26, 2007) (Davis Adv. Sh. No. 12 at 47).  Barlow edifies:

[W]hen a probation agent presents a probation revocation case, the agent is acting in his official capacity and is not holding himself out to the public as an attorney.  See S.C. Code Ann. § 24-21-280(B).  Clearly, the agent renders an important service to the public by promoting the prompt and efficient administration of justice.  Seaborn, 270 S.C. at 699, 244 S.E.2d at 319.  Thus, we reject appellants argument that the non-attorneys actions in these cases amounted to the unauthorized practice of law.

CONCLUSION
Based on State v. Barlow, supra, the ruling of the circuit judge is
AFFIRMED.
ANDERSON, KITTREDGE, and SHORT, JJ., concur.

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.