**FIFTH DIVISION**
**MCFADDEN, C. J.,**
**MCMILLIAN, P. J., and SENIOR APPELLATE JUDGE PHIPPS**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules

**September 18, 2019**

# In the Court of Appeals of Georgia

A19A1601. THE STATE v. HUFFMAN.                              PH-054C

PHIPPS, Senior Appellate Judge.

On this discretionary appeal from the grant of Michelle Huffman's motion to dismiss the State's petition to revoke her probation, the State argues that the court erred because the petition gave Huffman adequate notice of the charges against her. We agree and reverse.

The issue here is whether the probation revocation petition afforded Huffman due process. We review this question of law de novo. See *White v. State*, 274 Ga. App. 805, 805 (619 SE2d 333) (2005) (reviewing the question of "the legal effect of an order" issued by the Board of Pardons and Paroles "de novo").

The relevant facts are not in dispute. On March 1, 2018, after Huffman entered negotiated guilty pleas to 3 counts of withholding information from a practitioner, she

was sentenced to 12 years on probation. On November 7, 2018, the State filed a petition for modification/revocation of probation, alleging that Huffman had committed the following violations:

> VIOLATION 1: did commit the new felony offenses of Forgery-First Degree and Theft by Deception, on or about August 10, 2018, in Houston County, Georgia, in violation of a condition of probation.

> VIOLATION 2: did fail to pay court ordered monies in that [Huffman] has made no payments on fines, fees, or supervision fees, in violation of a condition of probation.

A hearing on the State's petition was held on November 15, 2018. There, Huffman argued that the trial court should dismiss the revocation petition on due process grounds because the State did not give proper notice as to the particulars of each new offense listed in Violation 1 of the petition. Huffman contended that there were multiple ways to commit the offenses of forgery and theft by deception and that the State was required to give notice of how she violated the particular statutes at issue in order for her to prepare an adequate defense. The State responded that a revocation petition is not required to meet the same standards as an indictment. The

trial court continued the matter to allow the State an opportunity to amend the petition.

After the State declined to amend the petition, the trial court entered an order granting Huffman's motion to dismiss it. The court noted the Supreme Court of Georgia's decision in *Wolcott v. State*, 278 Ga. 664 (604 SE2d 478) (2004), which held that a revocation petition comported with due process when it "set forth the crime, the approximate date and the particular venue" of the probation violation, id. at 667 (2), but distinguished *Wolcott* on the ground that the challenge was raised after conviction and involved a single straightforward offense, whereas the State was alleging here that Huffman committed forgery in the first degree and theft by deception, both of which could be committed in multiple ways. The trial court concluded that even though, having been arrested and charged regarding each of the offenses, Huffman had actual knowledge of the State's allegations, the petition was inadequate as a matter of law because it "fail[ed] to allege the victim or the manner in which the alleged crime was committed," which affected Huffman's "ability to prepare a defense" and her "double jeopardy protection." The court thus dismissed the petition with prejudice, and we granted the State's application for discretionary review.

3

As our Supreme Court has recently reminded us, "'the requirements of due process are flexible and call for such procedural protections as the particular situation demands.'" *Miller v. Deal*, 295 Ga. 504, 510 (2) (761 SE2d 274) (2014), quoting *Wilkinson v. Austin*, 545 U.S. 209, 224 (IV) (125 SCt 2384, 162 LE2d 174) (2005). Specifically, a probation revocation is not a criminal prosecution and does not require the extent of proof sufficient to sustain a conviction. *Johnson v. State*, 142 Ga. App. 124, 127 (2) (235 SE2d 550) (1977).

The situation before us is a probation revocation proceeding such that our Supreme Court's decision in *Wolcott* remains very much on point. That the crime of forgery can be committed in more than one way is also true of the crime at issue in *Wolcott*: aggravated assault may be committed with intent to murder, rape, or rob, or (on the other hand) with a deadly weapon, which two alternatives require different sets of facts as proof. See, e.g., *Thomas v. State*, 292 Ga. 429, 434 (5) (738 SE2d 571) (2013) (declining to merge convictions for aggravated assault with intent to rob and with a deadly weapon where each method of committing the crime required evidence that the other did not, citing OCGA § 16-5-21 (a) (1), (2)). The holding of *Wolcott* is that the revocation petition comported with due process because it "set forth the crime, the approximate date and the particular venue," *Wolcott*, 278 Ga. at 667 (2),

4

just as this petition did. Although Huffman cites the Supreme Court's recent decision in *Jackson v. State*, 301 Ga. 137 (800 SE2d 356) (2017), which found an indictment insufficient for due process purposes in light of its failure to either "set[] out all the elements of the offense charged" or "allege the facts necessary to establish violation of a criminal statute[,]" id. at 141 (1), we are bound to follow *Wolcott* in the context of a probation revocation, and in the absence of any indication that *Jackson* or any other decision of a higher court has changed the law in that context.

For these reasons, we conclude that the trial court erred when it granted Huffman's motion to dismiss the State's petition to revoke her probation.

*Judgment reversed. McFadden, C. J., and McMillian, P. J., concur.*